## JOHN WARREN, ADMR., v. JOHN ULRICH.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON
PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued October 31, 1889—Decided November 11, 1889.

In an action by an administrator to recover a roll of bank bills found con-
cealed in a cess-pool on premises formerly occupied by the decedent, a
chain of circumstances, rendering it extremely probable that the money
had been secreted by the decedent where it was found, having been
clearly proved and not disputed, a verdict in favor of the plaintiff will
not be disturbed, though there was no direct testimony as to ownership.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 129 October Term 1889, Sup. Ct.; court below, No. 668
June Term 1888, C. P. No. 1.

On May 29, 1888, a summons was served in an action of as-
sumpsit brought by John Warren, administrator d. b. n. c. t. a.
of George Warren, deceased, against John Ulrich. Issue.

At the trial on March 14, 1889, it was shown that George
Warren died in 1879. He was keeping a tavern at the time of
his death, and after he died the tavern was kept by James Neely
for three years; after Neely by Dale Kuhn for four years, and
thenceforward by the defendant. About December 1, 1887, a
man named Dennis, employed by the defendant to clean out a
cess-pool on the tavern premises, found a roll of money concealed
about the cess-pool. Dennis gave the money to one Caldwell,
who handed it over to the defendant, who counted it, and found
the amount to be $320. The plaintiff's testimony was in sub-
stance as follows:

John Warren, the plaintiff, a son of the decedent, testified
that his father was in good circumstances; that he never knew
of his father depositing money in bank; that at one time he
helped his father hide $1,500 in a cave; that his father at an-
other time told him of hiding two or three thousand dollars
among some iron. George Warren testified that at one time
he came across the money hidden in the cave; Mrs. Warren,

that she knew of him burying money at different times in the garden ; Kennedy Marshall, that he did not deposit in bank, and that he had seen him with large sums of money ; Elizabeth Caldwell, that she had seen Warren dig money out of the garden ; Thomas Marshall, that the decedent was a man of some means ; he never deposited money in bank, and was accustomed to having sums of money about him.

The former tenants made no claim to the money, which was all in bank notes bearing date prior to the date of the decedent's death, and the defendant made no claim that he had secreted the money.

The defendant requested the court to charge that under all the evidence the verdict must be for the defendant. The court, COLLIER, J., refused this point,[1] and submitted the case to the jury upon the evidence.

The jury returned a verdict in favor of the plaintiff for $320, and judgment having been entered, the defendant took this appeal, assigning as error the refusal of defendant's point.[1]

*Mr. John S. Ferguson*, for the appellant.

*Mr. W. W. Shiras* (with him *Mr. C. C. Dickey*), for the appellee.

PER CURIAM:

The evidence was undoubtedly weak to prove the ownership of this money. There was no positive proof bearing upon this question ; but there was a chain of circumstances clearly proved, and not disputed, which render it extremely probable that the money in question had been buried, where it was found, by George Warren, the former owner or occupier of the property. Had it been found while he remained upon the property, the case would have been much clearer ; but it was not found until after his death, and after the premises had been occupied by other tenants for some years. Neither of them claim it, however, and, in view of Warren's aversion to banks, and his known way of hiding and secreting his money, we are not surprised that the jury found him to have been the owner of it. It is true, the finder of money has title to it against all the world except the true owner ; yet we cannot say there was not evidence of

Warren's title to submit to the jury, and their verdict is in accordance with all the probabilities of the case.

Judgment affirmed.