# Laura J. McConnell *v.* H. G. Lloyd, Jr., Appellant.

*Negligence—Vicious dog—Owner's knowledge of dog's habits.*

To fasten liability on the owner of a dog it is necessary to establish the vicious character of the dog and previous knowledge thereof by the owner.

*Evidence—Scintilla—Question for jury.*

There is more than a scintilla of evidence and the case is for the jury when there is evidence tending to show that on two previous occasions the dog which committed the injury sued for, rushed at two other women in a very vicious manner.

Argued Oct. 12, 1898. Appeal, No. 121, Oct. T., 1898, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1897, No. 86, on verdict for plaintiff. Before RICE, P. J., OR-LADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed. W. W. PORTER, J., dissents.

Trespass. Before BEITLER, J.

It appears from the evidence that plaintiff was crossing Haverford College grounds carrying a letter in her hands and defendant's dog, who was playing near the wife of defendant, ran towards her, barking and jumped up and caught her wrist. Plaintiff called two ladies, one of whom testified that on a previous occasion the dog had rushed at her and jumped at her, and the other testified that the dog rushed at her and barked at her, and on both occasions they testified that Mrs. Lloyd was by and called the dog off in response to her voice.

The court instructed the jury, inter alia, as follows : " If you find that, as stated by the ladies in their testimony, in the words they used and their manner of giving it—if you find that that stamps the dog as being a vicious dog, then it was Mr. Lloyd's duty to prevent him from doing or attempting further harm to anybody. If you find that this dog was a vicious dog, you are entitled to give the plaintiff an allowance for her pain and suffering, compensation for her actual loss of earnings or of earning capacity or her actual outlays to be cured."

Verdict for plaintiff for $600. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Silas W. Pettit*, with him *H. B. Gill* and *John R. Read*, for appellant.—Without proof of knowledge or notice of previous vicious propensities of the dog the owner is not liable : Achmuty v. Ham, 1 Denio, 495 ; Shaw v. Kraft, 37 Fed. Rep. 317 ; Spring Co. v. Edgar, 99 U. S. 645 ; Goodman v. Gay, 15 Pa. 188 ; Campbell v. Brown, 19 Pa. 359 ; Mann v. Weiand, 81* Pa. 243 ; Sylvester v. Magg, 155 Pa. 225 ; Snyder v. Patterson, 161 Pa. 98.

" Since the scintilla doctrine has been exploded, both in England and in this country, the preliminary question for the court

of law is, not whether there is literally no evidence or a mere scintilla, but whether there is any that ought reasonably to satisfy the jury that the fact sought to be proved is established. If there is evidence from which the jury can properly find the question for the party on whom the burden of proof rests, it should be submitted; if not, it should be withdrawn from the jury:" Hyatt v. Johnston, 91 Pa. 196; Railroad Co. v. Fries, 87 Pa. 234; Massey v. Snowden, 149 Pa. 410.

*J. Martin Rommel*, for appellee.—In the case of Worth v. Gilling, L. R. 2 C. P. 1, it was held: "It is not necessary in order to sustain an action against a person for negligently keeping a ferocious dog to show that the animal had actually bitten another person before it bit the plaintiff; it is enough to show that it has, to the knowledge of its owner, evinced a savage disposition by attempting to bite:" Godeau v. Blood, 52 Vt. 251.

"The owner is as much bound to take precaution against injuries which the animal may commit in mere playfulness, as those which spring from a ferocious intent:" Shearman & Redfield on Negligence, sec. 628; State v. McDermott, 6 Atl. Rep. 653.

OPINION BY SMITH, J., November 21, 1898:

The plaintiff, while lawfully passing over the Haverford College grounds, was bitten and seriously injured by the defendant's dog. This action was brought to recover for the injuries thus received, and resulted in a verdict and judgment in her favor. On the argument here it was admitted that the defendant was the owner of the dog at the time of the injury to the plaintiff and prior thereto; and that, under the evidence, the verdict was not excessive. But it was earnestly argued that the evidence did not show the dog to be vicious theretofore, or that the defendant had reason to believe the animal vicious, prior to the injury complained of here. It was further contended that the evidence on these points was not sufficient to warrant the submission of the case to the jury. This proposition was supported by a very able and exhaustive argument, in which the distinction between a mere scintilla of evidence, and that which is reasonably sufficient in law to support a verdict, was lucidly presented. We think, however, there was evidence touching the prior mischievous conduct of the dog,

and the defendant's knowledge of it before the attack on the plaintiff, to require this aspect of the case to be decided by the jury. The existence of a mischievous propensity to commit the act, and knowledge of this by the defendant before the injury, were questions of fact, in support of which there was evidence quite sufficient to raise an issue thereupon for the jury. It was shown that on two different occasions, before attacking this plaintiff, the dog, while with the defendant's wife, rushed at two other women, in a very vicious manner. He jumped up at one, and was about to take hold of the other, as she thought, when he was called off by Mrs. Lloyd. The defendant testified that he got the dog because his wife wanted it, that she was alone, practically all day, and was about the grounds a great deal, and wanted the dog as a companion. It was admitted in the court below, and is not denied here, that if circumstances showing a vicious disposition in the dog were known to the wife, who had the care of it, this was knowledge sufficient to bind her husband. The question was not pressed or argued here.

From the plaintiff's testimony it appears that the dog attacked her, in a manner quite similar to the former attacks on the other women, but that, disregarding the command of Mrs. Lloyd, he bit the plaintiff's arm. It is not necessary, in order to recover in this action, to show that the dog had actually bitten another person, before biting the plaintiff. If the dog evinced a propensity or habit indicating an intention to bite, the owner, having a knowledge of this, will be held responsible for any subsequent injury growing out of such propensity. This case was tried in accordance with the well-established principles of law announced and applied in Mann v. Weiand, 81* Pa. 243. Under the authority of that case this judgment must be affirmed.

Judgment affirmed.

W. W. PORTER, J., dissents.