## August Puechner *v.* Joseph Braun, Appellant.

*Negligence—Driving wild steer in street—Measure of driver's responsi-
bility—Pleading—Allegata and probata.*

Plaintiff having averred in his statement that defendant knew that a steer,
whose conduct had resulted in the injury sued for, " was wild and vicious
before and at the time of the grievances," failure to prove that defendant
had knowledge of the steer's disposition and character when he undertook
to drive it will not defeat the action and the case was properly for the jury
on the question of whether defendant was guilty of carelessness or negli-
gence in the management of the steer after the same broke away.

Argued May 3, 1899.   Appeal, No. 134, April T., 1899, by
defendant, from judgment of C. P. No. 1, Allegheny County,
June Term, 1892, No. 105, on verdict for plaintiff.   Before
RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D.
PORTER, JJ.   Affirmed.   Opinion by ORLADY, J.

Trespass.   Before STOWE, P. J.

It appears from the record and the evidence that the plaintiff
claimed damages for a broken wrist caused by his being thrown
down and run over by a steer belonging to defendant on the
public road.   His statement averred that the defendant, who
was a butcher by occupation, with an employee, was driving a
wild and vicious steer along the public highway, knowing the
said animal to be wild and vicious, carelessly and recklessly,
without taking proper care and caution to handle and control
it, and that, by reason of the defendant's negligence, plaintiff
received the injury complained of.   Plaintiff's evidence failed
to show any knowledge on the part of the defendant that the
animal was of a dangerous and vicious character.

Defendant presented the following points :

1. The plaintiff having failed to show that the defendant had
notice of any vicious disposition on the part of the animal that
caused the injury, prior to defendant's having taken possession
of the same, the latter is not liable unless he was guilty of care-
lessness or negligence in the handling and management of the
steer after the same broke away.   *Answer:* Affirmed.

[2. Under all the evidence in this case, the verdict should be
for the defendant.   *Answer:* Refused.] [1]

Verdict and judgment for plaintiff for $367.50.    Defendant appealed.

*Error assigned* was (1) in refusing defendant's second point, reciting same.

*J. R. McQuaide* and *Charles A. O'Brien,* for appellant.— There was not a single fact in the entire evidence from which the defendant's negligence could be justly inferred, and the jury were left at liberty, by the charge of the court, to find a verdict without anything whatever to properly base it on. If there was no negligence, as there surely was none on the part of the defendant, at the time the cattle escaped, there surely could be none after the cattle got beyond his control.

A man has a right to drive his cattle along the public highways, and if in exercising this right he uses ordinary care and diligence, and the cattle escape into the adjoining inclosure without his fault, he is not liable for any damages they may do, provided he immediately pursues and drives them off as soon as possible : 2 Am. & Eng. Ency. of Law (2d ed.), 362, quoting Dovaston v. Payne, 2 H. Bl. 528, Slackpoll v. Healy, 16 Mass. 33, Mills v. Stark, 4 N. H. 512, and R. R. Co. v. Munger, 5 Den. (N. Y.) 255.

*William Reardon,* for appellee.—We would further suggest that there is not one single authority cited by the counsel for the appellant that has the judicial stamp of the higher courts of this state to aid them; that all the municipal and legislative enactments on the subject, of driving and conveying cattle, of the character of those from which the injury in this case was caused, over the streets and highways of this state, have been such as that an injury such as the plaintiff suffered may be avoided, and against the contention of the appellant on the subject, and as sustaining the principle contended for by us in this case, we suggest to the court a very recent case decided by this court, Troth v. Wills, 8 Pa. Superior Ct. 1, in which the opinion of the court was delivered by Judge SMITH. We would also refer the court to the case of Rossell v. Cottom, 31 Pa. 525, in which the opinion was delivered by Mr. Justice THOMPSON. We also refer the court to the case of Goodman v. Gay,

15 Pa. 188, where the general subject is very fully discussed and considered in an opinion by Mr. Justice COULTER. We desire, in conclusion, to refer the court to the case of Ficken v. Jonas, 28 Cal. 622, in which the opinion of the court is delivered by Mr. Justice CURRY of the Supreme Court, in which the principle or doctrine contended for by appellee is very fully discussed in a case almost parallel to the one at bar. We therefore submit that the judgment should be affirmed.

OPINION BY ORLADY, J., July 28, 1899:

The plaintiff was injured on a public highway, being thrown down by a runaway steer which had escaped from the control of the defendant while being driven, with three others, from the farm on which they were reared to the slaughter house of the defendant. The statement in this action of trespass avers that the defendant . . . . had the care and management of a certain ox, which before and at the time of plaintiff's injury " was wild and vicious, and it was then unsafe and improper to drive, or permit, or suffer said ox to go over or through any public highway, without causing or procuring the same to be tied down or confined, or otherwise secured, so as to prevent said ox from doing mischief or damage to any person or persons passing along or being on such highway; of all of which the defendant before and at the time of the grievances hereinbefore mentioned had notice and that the defendant negligently by himself and servants drove and allowed the ox to run at large without being under proper control."

It is contended that the plaintiff cannot recover because the statement averred knowledge on the defendant's part of the vicious character of the steer when he undertook to drive it along the highway, and that the proof failed to show any such knowledge. This is too critical a view to take of the statement, as it also averred notice that the steer was wild and vicious "before and at the time of the grievances." The case was tried on the theory that the defendant was negligent in not taking due precautions against the naturally to be anticipated acts of a wild and vicious steer while it was in his care. The first point submitted by the defendant was as follows: " The plaintiff having failed to show that the defendant had notice of any vicious disposition on the part of the animal that caused the injury prior

to the defendant's having taken possession of the same, the latter is not liable, unless he was guilty of carelessness or negligence in the handling and management of the steer after the same broke away," which was affirmed by the court without any qualification, and which required the submission of the case to a jury. It was left to that body in an impartial and adequate charge, in which the trial judge said : " The whole question turns upon whether or not the defendant, or those acting for him, did all that was reasonable and proper after the steer manifested that it was wild and perhaps dangerous—did all that they could to get him under control and to take him to some place of safety." With the conflict of testimony and the contradictory statements of some of the witnesses we have nothing to do, as they were properly submitted to the only tribunal authorized by the law to dispose of them.

The judgment is affirmed.