## Quigley, Appellant, v. Adams Express Company.

*Negligence—Animals—Bite of a horse—Burden of proof—Declarations—Evidence.*

In an action to recover damages for injuries resulting from the bite of a horse, the burden is upon the plaintiff to show that the horse was an animal of vicious habits, and that his vicious propensities were known to the defendant. In such a case declarations of a person purporting to be the driver to the effect that the horse had bitten other people, are insufficient in themselves to submit to the jury on the question of the viciousness of the horse, and the knowledge of the defendant, where it does not appear that the person making the declaration was present when the biting occurred, and that he made the statement after the plaintiff had gone to a hospital to have his wound dressed, and had returned therefrom.

Argued Oct. 12, 1904.  Appeal, No. 23, Oct. T., 1904, by plaintiff, from order of C. P. No. 3, Phila. Co., Dec. T., 1902, No. 3387, refusing to take off nonsuit in case of Jerome J. Quigley v. Adams Express Company.  Before Rice, P. J., Beaver, Orlady, Smith, Porter, Morrison and Henderson, JJ.  Affirmed.

Trespass to recover damages for personal injuries sustained by the bite of a horse.  Before Finletter, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*John H. Fow*, for appellant.—Knowledge of the vicious character of a horse by one employed to drive it in delivering goods is imputed to the owner: Brown v. Green, 42 Atlantic Repr. 991; Hardiman v. Wholley, 172 Mass. 411 (52 N. E. Repr. 518); Puechner v. Braun, 10 Pa. Superior Ct. 595.

*Parker S. Williams, Reginald H. Innes* and *T. De Witt Cuyler*, for appellee, cited: Mann v. Weiand, 81* Pa. 243; McConnell v. Lloyd, 9 Pa. Superior Ct. 25; Fawcett v. Bigley, 59 Pa. 411.

Opinion by Henderson, J., January 17, 1905:

This action was brought to recover damages for injuries resulting to the plaintiff from the bite of a horse belonging to the defendant.  The horse was one of the team attached to a wagon backed up to a platform at a depot of the defendant, and in the language of the plaintiff's statement of claim "with the horses' heads facing the sidewalk used by the general public." It is averred in the statement that the defendant knew that the horse "was accustomed to attack and bite mankind."  And in the plaintiff's statement of the question involved, it is assumed that there was evidence that the horse had bitten other people. The plaintiff's case proceeds, therefore, on the theory that knowledge by the owner of a domestic animal of its vicious habits must be established in order to support an action.  And such is the law of this state.  To establish liability on the defendant, it was necessary to prove a vicious propensity of the

horse of which the defendant had knowledge. Where the owner of a vicious animal has notice of its character, the law imposes upon him the duty of so keeping it as to avoid injuries resulting from such disposition. A vicious animal is a nuisance, and an owner keeping it with knowledge of its liability to injure persons or property is chargeable for any damage resulting from his failure sufficiently so to do. Evidence of such knowledge on the part of the owner must be given, however, in order to establish liability: Wood on Nuisance, sec. 768; Fish v. Skut, 21 Barb. 333; Mann v. Weiand, 81* Pa. 243; McConnell v. Lloyd, 9 Pa. Superior Ct. 25. The plaintiff's injury was received as he was walking along the sidewalk of the public street while the horses were standing with their heads close to the inside edge of the sidewalk. One of the horses reached out and bit him on the shoulder. The weakness of the plaintiff's case exists in the fact that no competent evidence was introduced tending to show that the defendant had knowledge of the propensity of the horse to bite. An attempt was made to show such knowledge by the declaration of a man, who said he was the driver, to the effect that the horse had bitten two or three before that. This declaration was made, however, after the plaintiff had gone to the hospital to have his injury treated and had returned to the place where the team was standing. A considerable time had elapsed after the injury before the declaration was made. Nor does it appear that the person making the declaration was present at the time the injury was received. There was nothing to attach to the statement of the driver that spontaneity of utterance provoked by the occurrence which would make it admissible as part of the res gestae: Bigley v. Williams, 80 Pa. 107; Briggs v. East Broad Top Railroad and Coal Co., 206 Pa. 564. On the evidence presented by the plaintiff the nonsuit was properly granted and the judgment is, therefore, affirmed.