## Miller v. Atlantic Refining Company, Appellant.

*Negligence—Animals—Death by kick of horse—Contributory negligence.*
A horse was left standing for two or three minutes in such a position
that he was partly within and partly without a gateway leading from a
sixteen feet wide sidewalk of a public street. He was standing in this
position waiting his turn to be weighed, after another horse, on scales
within the gateway. A person who was within the same inclosure as the
scales, went around the scales with a full view of the position of the horse,
passed out of the gateway, turned towards the horse and walked along the
sidewalk within four feet of the horse's hind legs. When he came in line
with the heels of the horse, it suddenly kicked and struck him in the side,
so injuring him that he died shortly thereafter. The horse was not vicious
and was in the keeping of a hostler. It did not appear that the deceased
spoke either to the horse or to the hostler before passing. *Held* (1), that
the evidence was insufficient to convict the owner of the horse of negli-
gence; (2) that deceased was guilty of contributory negligence.

Argued Jan. 6, 1905. Appeal, No. 118, Jan. T, 1904, by
defendant, from judgment of C. P. No. 1, Phila. Co., June T.,
1903, No. 1212, on verdict for plaintiff in case of William
Miller, Jr., et al. v. Atlantic Refining Company. Before DEAN,
FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Re-
versed.

Trespass to recover damages for death of plaintiff's father.
Before BEITLER, J.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $5,000, upon which judgment was
entered for $2,000 all above that sum having been remitted.

*Error assigned* was. in refusing binding instructions for de-
fendant.

*Edward W. Magill*, of *Alexander & Magill*, with him *Ruby
R. Vale*, for appellant.—If animals are attended or rightfully
in the place where they do the injury complained of, the owner
is not liable unless it be averred and proved that such owner
had knowledge of the vicious propensity of such animal: Con-
gress Spring Co. v. Edgar, 99 U. S. 645 ; Twigg v. Ryland, 62
Md. 380 ; Le Forest v. Tolman, 117 Mass. 109 ; Brooks v.

Taylor, 65 Mich. 208 (31 N. W. Repr. 837) ; Evans v. McDermott, 49 N. J. L. 163 (6 Atl. Repr. 653) ; Smith v. Donohue, 49 N. J. L. 548 (10 Atl. Repr. 150).

The courts uniformly hold that if a person with knowledge of the evil propensity of the animal, voluntarily and unnecessarily exposes himself to an injury, or puts himself in the way of such animal, he will be adjudged to have brought the injury upon himself and be subsequently barred from recovering damages because of his contributory negligence: Hallyburton v. Burke County Fair Assn., 119 N. C. 526 (26 S. E. Repr. 114) ; Abbott v. Freeman, 35 Law Times, N. S. 783 ; Koney v. Ward, 36 Howard's Pr. N. Y. 255 ; Muller v. McKesson, 73 N. Y. 195 ; Logue v. Link, 4 E. D. Smith, 63 ; Farley v. Picard, 78 Hun, 560 (29 N. Y. Supp. 802); Coggswell v. Baldwin, 15 Vt. 404 ; Koney v. Ward, 36 Howard's Practice, 255 ; Wheeler v. Brant. 23 Barb. 324 ; Blackman v. Simmons, 3 Car. & P. 138 ; Brock v. Copeland, 1 Esp. 203.

*Hector T. Fenton*, with him *Joseph W. Shannon*, for appellees, cited : McCloskey v. Chautauqua Lake Ice Co., 174 Pa. 34 ; Goodman v. Gay, 15 Pa. 188 ; Henry v. Klopfer, 147 Pa. 178.

Opinion by Mr. Justice Potter, February 20, 1905 :

The defendant company, acting by its servant, permitted a horse to partially obstruct the sidewalk for a few moments, by standing upon a driveway leading across the pavement into the yard of the Vulcanite Paving Company. The occasion for stopping the horse at that point was the fact that another horse just ahead was being weighed upon a pair of scales just inside the gateway, and the second horse was waiting to be led also upon the scales. While the horse was thus standing, partly within and partly without the gateway, William Miller passed from the office of the Vulcanite Paving Company around the scales and out to the street. Both of the horses were at that time within his plain view. There were two gateways, in one of which the horse was standing, and through the other Mr. Miller passed. Immediately upon reaching the sidewalk he turned northward and passed in the rear of the horse standing in the other gateway. It seems that he neither spoke to the horse nor the hostler before passing, and when he came in line with the heels

of the horse, it suddenly kicked and struck Mr. Miller in the right side, injuring him to such an extent that he died within a few days. There was no testimony to show that the horse was vicious or that it had been known to kick before. It was at the time in the care of an attendant who was holding it by the halter strap. We do not think that it can properly be said that the horse was wrongfully in the space where it was at the time of the accident. The public right of passage along the sidewalk is always prior and is to be respected by those making other use of the pavement. But this does not preclude a temporary obstruction by those crossing transversely, as upon a driveway, or who are reasonably occupying the space for a short time. The evidence in this case showed no permanent or unreasonable obstruction of the sidewalk, in the temporary stoppage of the horse at that point.

Under the facts as shown, it is not apparent that any inference of negligence upon the part of the defendant could have reasonably been drawn by the jury. But even if there was any question as to this, we are unable to regard the action of William Miller in walking deliberately past the heels of the horse and within reach of them, without giving any warning or speaking to the horse, as being anything other than negligence which contributed to the happening of the accident. It was evident, as one of the witnesses said, that Mr. Miller did not anticipate that the horse would kick, and he passed within four feet of him, when he might as easily have kept himself at least five or six feet further from danger. The testimony indicates that the horse was allowed to stand in the gateway only long enough to permit of the other horse being weighed, a period of two or three minutes, so that if Mr. Miller had waited for the horse to be moved, the delay would not have been serious. But if he were desirous to proceed at once, the sidewalk seems to have been some sixteen feet in width, so that he could have passed in safety by going nearer the curb, or even stepping out into the street, as one of the witnesses testified would have been, under the circumstances, the part of prudence.

The trial judge asked the jury to say whether William Miller " did a prudent thing in passing—without speaking to the horse or without speaking to the man in charge of him, with-

out taking any precaution for his own sake—within striking distance of the heels of that horse when he had to the westward of him sufficient space on the sidewalk to have rendered it impossible for the horse to have reached him." The testimony which established this action upon the part of Mr. Miller is undisputed, and to us it so clearly shows contributory negligence that we think the trial judge should have assumed the entire responsibility and have given binding instructions in favor of the defendant.

The second assignment of error, which is to the refusal of such instructions, is therefore sustained and the judgment is reversed and is here entered for the defendant.