## Laughlin, et al., Appellants, *v.* Philadelphia.

*Negligence — Municipalities — Evidence — Animals — Vicious horse.*

A nonsuit was properly granted in an action to recover damages against a city for injury to a child six years of age, caused by the kick of a horse, one of a team belonging to the city, where it appeared the team was standing near an iron railing surrounding a bed in which city workmen were planting bulbs, that the child had crawled into a narrow space between the railing and the team, and there was no evidence that the horse which kicked him was vicious or had before been known to kick.

Argued January 22, 1913. Appeal, No. 347, Jan. T., 1912, by plaintiffs, from judgment of C. P. No. 5, Philadelphia Co., March T., 1909, No. 569, refusing to take off nonsuit in case of Joseph Laughlin, by his next friend and father, John Laughlin, and the said John Laughlin in his own right v. City of Philadelphia. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before RALSTON, J.

The opinion of the Supreme Court states the facts.

The court granted a nonsuit which, on motion, it subsequently refused to take off.

*Error assigned* was the action of the court in refusing to take off the nonsuit.

*William A. Gray,* for appellant.

*Haines D. Albright* and *James J. Breen,* Assistant City Solicitors, and *Michael J. Ryan,* City Solicitor, for appellee.

Per Curiam, February 24, 1913:

Workmen employed by the city were engaged in planting bulbs in a bed that was surrounded by a low iron railing in a public square. A team of two horses harnessed to a wagon in which the bulbs were hauled was standing on a walk close to the railing. The plaintiff, a boy six years old, crawled into the narrow space between the railing and one of the horses and when close to the horse's hind feet, and in a kneeling position, reaching through the fence, was kicked by the horse. The horse was not vicious and had not before been known to kick. Under these circumstances there was no want of reasonable care and a nonsuit was properly entered.

The judgment is affirmed.