## Campbell *v.* Brandywine Summit Kaolin and Feldspar Company, Appellant.

*Negligence—Fire—Communication with fire from neighboring property—Inferences—Evidence.*

1. In an action against a quarry company to recover damages for the burning of a house by fire communicated from the defendant's adjoining property, the plaintiff is bound to show that the fire originated from some negligence of the defendant's employees in connection with the defendant's business. It is vain for the plaintiff to assert, merely as a theory, and without any evidence whatever, that the employees of the defendant built a fire to warm their picks and shovels, that the high wind carried some of the fire into the nearby brush, and that the fire thus started burned continuously to the vicinity of plaintiff's house, and caused it to burn.

2. In every case there must be some evidence from which the fact of actual negligence may be found as a presumption of law, or as an inference of fact, but if there be no ascertained fact from which an inference of fact will arise, none is permitted.

*Appeals—Striking out testimony—Exceptions—Assignments of error.*

3. The appellate court will not consider the competency of evidence stricken out by the lower court, where it appears that although exception was taken to such action of the lower court, the exception was not brought up as the subject of an assignment of error.

Argued Nov. 19, 1912. Appeal, No. 29, Oct. T., 1912, by defendant, from judgment of C. P. Chester Co., Aug. Term, 1911, No. 31, on verdict for plaintiff in case of Sarah A. Campbell v. The Brandywine Summit Kaolin

512   CAMPBELL *v.* BRANDYWINE CO., Appellant.

Statement of Facts—Opinion of the Court.   [52 Pa. Superior Ct.

and Feldspar Company.   Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ.   Reversed.

Trespass to recover damages for the burning of a house. Before Butler, J.

The opinion of the Superior Court states the facts.

Verdict and judgment for plaintiff for $900.   Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant, and in refusing motion for judgment n. o. v.

*J. Frank E. Hause,* with him *J. Carroll Hayes* and *William M. Hayes,* for appellant.—The fact which the appellee was called upon to establish, before a recovery could be had, was that her property had been destroyed by negligent acts of the appellant's workmen in the performance of their duties about the quarry: Taylor v. R. R. Co., 174 Pa. 171; American Ice Co. v. R. R. Co., 224 Pa. 439; Shelly v. R. R. Co., 211 Pa. 160.

The jury cannot be left to guess at or conjecture about what constitutes negligence.   There must be evidence of the negligence complained of or there are no facts to be submitted to the jury: Wagner v. Traction Co., 212 Pa. 132; Phila. City Pass. Ry. Co. v. Henrice, 92 Pa. 431.

*Thomas W. Pierce,* with him *Samuel D. Ramsey* and *Chester C. Campbell,* for appellee, cited: Warren v. Ulrich, 130 Pa. 413; Shafer v. Lacock, 168 Pa. 497.

Opinion by Henderson, J., February 27, 1913:

The plaintiff's house was burned March 21, 1911.   It was located on the opposite side of a public road from a large tract of rough and barren land owned by the defendant on which a fire originated on the morning of that day which burned over a considerable part of the tract.   The plaintiff's allegation was that her house was ignited by sparks carried by the wind from the defendant's land.

Responsibility for the loss was charged against the defendant by evidence that the defendant operated a quarry on its land at which men were employed; that in the prosecution of their work they used picks and shovels and that on cold days they warmed these tools to render them less liable to break; that about nine o'clock in the morning of the day when the fire occurred and before it had extended widely it was observed by a witness to be east of, and about forty yards away from, an opening described as "Quarry No. 3," and later in the forenoon that it extended eastwardly across the tract in the direction of the plaintiff's house. When the witness saw the fire he noticed three men engaged in an effort to put it out, but did not know who they were. Other witnesses saw smoke and some of them fire between eight and nine o'clock in the morning. Later in the forenoon people from the neighborhood gathered to fight the fire and some of the men who had been employed in the quarry were among these so engaged. Three or four days after the fire witnesses went to the quarry and saw places where small fires had been built in the openings and on the banks close to the openings, at one of which places the ashes were fresh and the location was about five feet from the line of the burned territory next to the quarry. The day was cold in the morning, but became warmer and was gusty and blustering. The theory of the plaintiff's case was that the employees of the defendant built a fire to warm their picks and shovels; that the high wind carried some of the fire into the nearby brush and other combustible material and that the fire thus started burned continuously to the vicinity of the plaintiff's house and caused it to burn. The facts established by the direct evidence were that a fire overran a considerable part of the defendant's land and that the plaintiff's house was set on fire and burned. The evidence would support the conclusion that the fire was communicated from the defendant's land to the plaintiff's house. The responsibility of the defendant is arrived at by a succession of inferences which the appellant contends are not supported by any

facts out of which they might rationally arise. The question presented for our consideration is whether the evidence supports the verdict. There was no testimony that the quarry was in operation on the day when the fire occurred nor that any of the workmen of the company were seen to kindle a fire or to have been on the ground at the time when it began or that any tools were warmed or that there was any occasion for warming them at that time. The principle that negligence is not to be presumed but must be proved is too well established to render a citation of authorities necessary. It does not arise from presumptions and inferences unless these are legal or logical sequences from established facts. In every case there must be some evidence from which the fact of actual negligence may be found as a presumption of law or as an inference of fact, but if there be no ascertained fact from which an inference of fact may arise none is permitted: Phila. City Pass. Ry. Co. v. Henrice, 92 Pa. 431. It was not only necessary for the plaintiff to show that her property was destroyed by fire but that the fire had its beginning in an act which the jury could fairly conclude was negligence; a verdict on evidence less direct would be a guess merely. Where the parties to the litigation stand in the relation of strangers with those rights and mutual obligations only which belong to all persons alike in the prosecution of their lawful business and where negligence is the cause of action the burden of proof is always on the plaintiff. There is neither presumption of negligence without proof of the facts nor inference of fact to that effect except as it arises from the force of the evidence. An examination of the testimony shows that the plaintiff's case depends on an inference that the quarries were in operation on the day when the fire occurred; that the fire was started by the employees; that it was kindled to enable them to warm the tools because the weather was so cold that this was necessary. This is the whole of the plaintiff's case so far as it undertakes to connect the defendant with her loss. If the fire was started by some other person than a servant of

the defendant or for another purpose than that implied in the occupation of the defendant's employees and therefore not within the scope of their general employment the defendant would not be liable. The jury must have concluded under the charge that work was in progress in the quarries; that the weather was cold enough to call for the building of the fire to warm the tools and that some of the workmen started the fire for that purpose. It was, of course, necessary to show who started the fire and that it was started in connection with the defendant's business, otherwise there would not have been a beginning of the undertaking to hold the defendant liable, but after a careful examination we have not found evidence of any fact from which the inference ought logically to be drawn that the defendant's employees kindled the fire or that it was kindled with relation to the defendant's business. It may be a fair guess under this evidence that some one connected with the work in the quarries was responsible for the beginning of the trouble, but that we think is the most that can be said as to the conclusiveness of the evidence. There are some cases which have been sustained on very slender evidence. Warren v. Ulrich, 130 Pa. 413, is one of that class. The limit was perhaps there reached in giving weight to the deductions reasonably to be drawn from the facts established by the evidence. But cases of this character recognize the necessity of introducing the best evidence of which the case is susceptible and make allowance for inability to add to the strength of the case. The plaintiff, however, was not unfavorably situated in this respect. The superintendent and the boss of the quarries lived in the neighborhood as did some other men who labored in the quarries before and after the fire, and no reason is apparent why from these employees or from witnesses in what seems to have been a not sparsely populated section of country it could not have been readily shown that the defendant's workmen were on the ground at the time and that they kindled the fire in the prosecution of their business. None of these witnesses were called, and the case was conse-

quently submitted to the jury without such underlying facts in proof as would enable them to justly fix the responsibility of the defendant. We are unable to reach the conclusion, therefore, that the case as presented by the plaintiff's witnesses so connects the defendant with her unfortunate loss as to render it liable therefor.

Testimony was introduced showing declarations made by Montgomery, the superintendent, and Jones, the "boss," on the day when the fire occurred as to its origin, but this part of the testimony was stricken out by the court at a later stage of the trial and is not now before us. The learned counsel for the appellee call our attention to that fact and suggest that consideration be given to the excluded evidence if it be deemed competent. The objection to that is that the question of its competency has not been argued and is not before us. Exception was taken by the plaintiff to the action of the court in striking out the testimony, but when the defendant appealed that exception was not brought up as the subject of an assignment of error. In order, however, that the plaintiff may have the advantage of the record as made up the case will be sent back with direction to the court below to enter judgment in accordance with this opinion and the plaintiff will then be in a situation to take advantage of the exceptions noted at the trial if that be deemed desirable.

The judgment is reversed and the record remitted to the court below with direction to enter judgment for the defendant.