# Hamilton *v.* Hopkins, Appellant.

*Negligence—Vicious horse—Knowledge of owner—Evidence.*

1. To hold liable the owner of a horse for injuries resulting from having been bitten by it, it is necessary to show the owner's previous knowledge of vicious traits in the horse.

2. A verdict for plaintiff in an action against the owner of a vicious horse, to recover damages for personal injuries sustained in consequence of plaintiff's having been bitten by the horse while passing it upon a public highway, is justified where there is evidence that the horse had acted viciously upon previous occasions, of at least one of which, occurring some two years before, the defendant had knowledge.

Argued Oct. 23, 1914. Appeal, No. 185, Oct. T., 1914, by defendant, from judgment of C. P. Allegheny Co., April T., 1913, No. 239, on verdict for plaintiff in case of George H. Hamilton v. David P. Hopkins. Before Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Trespass to recover damage for personal injuries. Before Carnahan, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $3,000 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing binding instructions for defendant, in refusing to enter judgment for defendant n. o. v. and in refusing a new trial.

*John E. McCalmont,* for appellant.

*Ralph P. Tannehill,* with him *Oliver K. Eaton,* for appellee.

Opinion by Mr. Justice Potter, January 2, 1915:
The defendant here was charged with negligence in

permitting a horse owned by him, alleged to have been vicious, to remain standing in a public highway, unattended, so that as a consequence the plaintiff in passing the horse, was bitten by it, and otherwise severely injured. This action was brought to recover damages for the injuries thus suffered, and it resulted in a verdict for plaintiff. Counsel for appellant contends that binding instructions should have been given for defendant. To hold him liable, it was necessary to show his previous knowledge of vicious traits in the horse. The plaintiff was hurt upon March 18, 1912. It appears from the record that one of the witnesses, C. L. Mohney, testified that about two years before, the same horse had attempted to bite him, and had reared up and struck at him with his front feet. Knowledge of this occurrence was brought home to defendant, for the witness said that at that time, he had spoken to the owner, the present defendant, of the dangerous character of the horse. Another witness, George Huff, said that he had often seen the horse, when being backed up, kick and bite at any one who might pass close to him. The witness, J. J. Smith, also said that he had been bitten once by the same horse. From this and other evidence to the same effect, it is apparent that there was enough to take the case to the jury upon the question, as to the horse having previously shown vicious traits, which were known to the owner, or of which he should under the circumstances, have reasonably been expected to know. If the horse had been in the habit, under certain conditions, of snapping or biting or kicking at those who passed by him in the street, and the owner knew of it, he was certainly bound to take some measures to prevent damage. The horse might have been muzzled, or in some other reasonably effective way, kept from doing harm. The case turned entirely upon questions of fact, which were submitted to the jury in a charge to which no exception was taken. Nor do we see anything in the record to indicate as contended by counsel, that there was an abuse of discretion by the

court below, in refusing to grant a new trial. We cannot say that the amount of the verdict was excessive, if the testimony upon the part of plaintiff, as to the character and extent of his injuries, was accepted by the jury as truth. The credibility of the witnesses was of course for the jury. Much of the argument which counsel have prepared with pains, and pressed with vigor, is upon questions of fact, which are not for the court to determine. That we might have drawn from the testimony other inferences than those accepted by the jury, is not controlling, in the present disposition of the case.

The judgment is affirmed.