## Campbell, Appellant, *v.* Brandywine Summit Kaolin and Feldspar Co.

*Evidence—Declarations—Res gestæ—Principal and agent— Negligence.*

In an action by a wife against a corporation to recover damages for injuries to her land by fire alleged to have been caused by the negligence of the defendant, the husband of the plaintiff will not be permitted to testify as to declarations made by a person alleged to be defendant's foreman, where the only testimony he gives to pave the way for the admission of such declarations, was as follows: "He was a foreman and an overseer in the absence of the principal foreman......I saw him working there. I saw him standing looking on the man working. I saw him working sometimes himself. I saw him give orders to the men," and other evidence shows that the principal foreman was present and not absent at the time.

In such a case the declarations of the alleged foreman are not admissible as part of the res gestæ where it appears that they were not made until three hours after the fire of which the plaintiff complained had been discovered, although it was still burning, and there is no evidence to show that the alleged foreman was present when the fire started or had any first hand knowledge of its origin, and the declarations sought to be admitted were to the effect that certain of the defendant's workmen had made a fire to warm their tools, "and the wind carried it away from them."

Argued November 17, 1914. Appeal, No. 26, October T., 1914, by plaintiff, from judgment of C. P. Chester Co., August T., 1911, No. 31, for defendant n. o. v. in case of Sarah A. Campbell v. Brandywine Summit Kao-

Assignment of Error—Opinion of the Court.   [60 Pa. Superior Ct.

lin and Feldspar Company.   Before RICE, P. J., ORLADY,
HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Trespass to recover damages for injuries to land
caused by a fire alleged to have been negligently started
by defendants workmen.   Before BUTLER, J.

The opinion of the Superior Court states the facts.
See also Campbell v. Brandywine Summit Kaolin and
Feldspar Company, 52 Pa. Superior Ct. 511.

*Error assigned* was in ruling out the testimony of W.
Smith Campbell, plaintiff's husband.

*Thomas W. Pierce*, with him *Samuel D. Ramsey* and
*Chester C. Campbell*, for appellants.—The declarations
were admissible: Coll v. Easton Transit Co., 180 Pa.
618; Com. v. Van Horn, 188 Pa. 143; Shafer v. Lacock,
Etc., Co., 168 Pa. 497.

*J. Frank E. Hause*, with him *J. Carroll Hayes* and
*William M. Hayes*, for appellee.—The declarations were
not admissible in evidence: Grim v. Bonnell, 78 Pa. 152;
Coll v. Easton Transit Co., 180 Pa. 618; Hanover R. R.
Co. v. Coyle, 55 Pa. 396; Weir v. Plymouth Boro., 148
Pa. 566; Shafer v. Lacock, Etc., Co., 168 Pa. 497; Trex-
ler v. Baltimore, Etc., R. R. Co., 28 Pa. Superior Ct.
198; Quigley v. Adams Express Co., 27 Pa. Superior Ct.
116; Briggs v. East Broad Top, Etc., R. R. Co., 206 Pa.
564; Greed v. Manufacturers, Etc., Co., 238 Pa. 252.

OPINION BY HEAD, J., July 21, 1915:
The opinion delivered by our Brother HENDERSON on
the former appeal in this case—Campbell v. Brandywine,
Etc., Co., 52 Pa. Superior Ct. 511—pointed out the in-
herent weakness of the proof offered by the plaintiff to
establish the responsibility of the defendant for her un-
fortunate loss.   Because of that weakness this court
reversed the judgment which had been entered in favor

of the plaintiff after a verdict and remitted the record to the court below with direction to enter judgment for the defendant. Such judgment was accordingly entered.

In the course of the trial the learned judge, over the objection of the defendant, had permitted the plaintiff to put in evidence a declaration made by one Lewis Jones concerning the origin of the fire. Later on, and after further consideration, this testimony was stricken out against the objection of the plaintiff. When the case was with us before, the appeal was by the defendant, and of course the correctness of the ruling by the trial judge striking out this testimony was not raised by any assignment of error. From the judgment entered under our direction in favor of the defendant the plaintiff now appeals and assigns for error the action of the learned trial judge in striking from the record that portion of the testimony of the plaintiff's witness Campbell and other witnesses introducing the declaration made in their hearing by the aforesaid Lewis Jones.

Such declaration could only be admissible on one of two grounds: (1) Either as an admission by the defendant as to the origin of the fire, or (2) as part of the res gestæ.

1. The declaration referred to could be admitted for the first reason mentioned only after proof that the person making the declaration was in a position to bind the defendant by what he said. The testimony to pave the way for the admission of the declaration on this ground is scant and plainly, as we view it, insufficient. The witness on the stand, the husband of the plaintiff, who was to testify to the declaration of one who was no party to the record, said of the declarant, Lewis Jones: "He was a foreman and an overseer of the works in the absence of the principal foreman (Montgomery)." But the evidence, so far from showing that Montgomery was absent, tended to show that he was present. The witness further states: "I saw him (Jones) working there (at the quarries). I saw him

standing looking on the men working. I saw him working sometimes himself. I saw him give orders to the men." This is the sum and the substance of all of the evidence which would tend to put the declarant Jones in the attitude of a vice-principal, so that his declaration or admission would be that of the company defendant. If the introduction of the declaration referred to cannot be sustained on other grounds, it is manifest it should not have been received for the reason that it was an admission by the defendant of its responsibility for the starting of the fire.

2. Was it competent for the witness on the stand to testify to the declaration of Jones on the ground that such declaration was part of the res gestæ? The exact lines within which what would otherwise be hearsay may be introduced as part of the res gestæ in any given case cannot be easily or accurately defined. But it has always been true that such declarations, in order to be admitted as evidence, must be so closely related in time and place to the litigated act that they become so to speak a part of the act itself. It is never permissible to introduce in evidence, as part of the res gestæ, a declaration of one not a party to the record when in essence and substance such declaration refers to an already past event. The controlling principle is well stated by President Judge RICE in Trexler v. B. & O. R. R. Co., 28 Pa. Superior Ct. 198. The attending circumstances in that case very much resemble those presented by this record. "We are clear in our conviction that a mere expression of opinion as to the origin of the fire, which was the litigated act, entertained by one not shown to have any knowledge or means of knowledge upon the subject, and made at a later time and a different place, although the fire was still burning, cannot be regarded as one of those undesigned incidents of the litigated act which are admissible when illustrative of such act. The circumstances do not raise the presumption that it was a spontaneous utterance of thought

created by or springing out of the transaction itself. It is quite as reasonable to presume that the declarant's opinion was based on what he had been told, or that it was a mere surmise based neither on what he had seen nor on what he had been told." In Quigley v. Adams Express Co., 27 Pa. Superior Ct. 116, this court, speaking by Judge HENDERSON, said: "It does not appear that the person making the declaration was present at the time the injury was received. There was nothing to attach to the statement of the driver that spontaneity of utterance provoked by the occurrence which would make it admissible as part of the res gestæ." See also Greed v. Manufacturers', Etc., Co., 238 Pa. 248.

Now according to the facts the fire was discovered burning in the brush and weeds of the defendant's property close to eight o'clock in the morning. When so observed by the witness who first discovered it, three men were engaged in an effort to put it out, but the witness did not know who they were. Owing to the prevailing high wind the fire gathered headway and spread, and more and more people in the vicinity were attracted by the possible danger and united in the effort to extinguish it. Some three hours after the discovery of the fire the witness, who in the first instance testified to the declaration of Jones, met that person. By that time, as we have indicated, the fire was assuming menacing proportions, and there was doubtless much conjecture and discussion among those attempting to extinguish it as to its origin. Under these circumstances the witness met Jones and the following conversation occurred: "I said, Lewis do you know how the fire got started? He said, 'The Italians had a fire out warming their tools and the wind carried it away from them.'" It is true, at the time this declaration was made the fire was still burning, but the commonest observation teaches us that where a fire is started in the wooded or mountainous sections of the country, it may burn for days or weeks before it is finally extinguished. But

it is still true that the litigated fact itself, and not the scope of the consequences resulting from it, must fix the boundary lines of the res gestæ. Moreover, neither in the offered declaration itself nor elsewhere in the record is it made to appear that Jones was present when the fire started or had any first hand knowledge of its origin. He may have been uttering a more or less probable surmise of his own as to how it started, or he may have been but reflecting and repeating what had been told to him by others who had, out of their general knowledge of surrounding conditions, reached the same conclusion. As we view it, this declaration had no probative value and cannot be brought within that exceptional class of cases where the declarations of third parties may be testified to because they are so bound up with the litigated fact as to necessarily be a part of it.

We are satisfied therefore the learned trial judge committed no error in striking out the testimony referred to, and the assignments of error must be accordingly overruled.

Judgment affirmed.