# Barshay *v.* American Ice Company, Appellant.

*Negligence—Horse—Bite by unhitched horse—Injury—Proximate cause.*

In an action to recover damages for injuries to a minor child who was bitten by a horse, which was left standing unhitched, while defendant's employee was delivering ice, judgment non obstante veredicto should have been entered, where there was no evidence that the animal was vicious, and the accident had no causal connection with the failure to hitch the horse.

Argued November 11, 1924. Appeals, Nos. 94 and 95, Oct. T., 1924, by defendant, from judgments of C. P. No. 1, Phila. Co., March T., 1921, No. 5878, on verdict for plaintiffs in the case of Alfred Barshay, by his next friend Barnet Barshay, and Barnet Barshay in his own right, v. American Ice Company, a Corporation. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for injury to minor child. Before SHOEMAKER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for each of the plaintiffs in the sum of $250 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Frank R. Savidge,* for appellant.—The defendant was entitled to binding instructions in the absence of any evidence of vicious propensities of the horse: Goodman v. Gay, 15 Pa. 188; Ramsey v. Martin, 45 Pa. Superior Ct. 645; Stevenson v. U. S. Express Co., 221 Pa. 59; Quigley v. Adams Express Co., 27 Pa. Superior Ct. 116; Miller v. Atlantic Refining Co., 210 Pa. 628; Hamilton v. Hopkins, 247 Pa. 499; Laughlin v. Phila., 239 Pa. 455.

*Nochem S. Winnet,* and with him *John J. McDevitt, Jr.,* for appellant.—It is prima facie evidence of negligence to leave a horse unhitched in a public place: Henry v. Klopfer, 147 Pa. 178; Jordan v. Eisele, 273 Pa. 95; Stevenson v. United States Express Company, 221 Pa. 59.

OPINION BY KELLER, J., February 27, 1925:

Alfred Barshay, a child two and a half years old, was playing on the sidewalk near his home, 1638 Ridge Avenue, Philadelphia. Defendant's employee was delivering ice from a wagon drawn by a team of horses. He stopped in front of 1642 Ridge Avenue and carried in a piece of ice leaving the horses unhitched. One of the horses snapped at the Barshay boy, who was playing near the curb and bit his hand severely. This action in trespass resulted.

Plaintiffs' statement set up two grounds for recovery: (1) That the horse was green and vicious; (2) that defendant was negligent in permitting the team to stand unattended on a public street. No evidence was produced tending to prove that the horse was green or vicious or had ever bitten any person before; and the learned trial judge properly withdrew that feature of the case from the consideration of the jury: Quigley v. Adams Express Co., 27 Pa. Superior Ct. 116; Miller v. Atlantic Ref. Co., 210 Pa. 628; Laughlin v. Phila., 239 Pa. 455; Hamilton v. Hopkins, 247 Pa. 499. His opinion states that the plaintiffs abandoned it. He submitted the question of defendant's negligence, however, to the jury and, verdicts having been rendered for plaintiffs, discharged defendant's rule for judgment non obstante veredicto, basing his action on the syllabus in Henry v. Klopfer, 147 Pa. 178: "To leave a horse unhitched and unattended in a public street is prima facie evidence of negligence, and puts the burden of proof upon the defendant to show that there were circumstances which excused or justified his conduct." But that statement,

540   BARSHAY *v.* AMERICAN ICE CO., Appellant.

and the cases following that decision, Stevenson v. U. S. Exp. Co., 221 Pa. 59; Jordan v. Eisele, 273 Pa. 95; Weikel v. Pullman Taxicab Co., 59 Pa. Superior Ct. 595, etc., must be read in connection with the facts in the case. Undoubtedly one who leaves a horse unhitched or unattended on a city street takes the risk of whatever the horse may do by reason of his being unhitched or unattended; and if a person is injured because of the owner's failure to have his horse hitched or attended, a prima facie case of negligence is made out sufficient to take the case to the jury. But the principle has no application to an injury not caused by, nor having any relation to, the owner's failure to hitch or attend his horse. All the cases cited above were runaways where the failure to hitch or tie the horse was directly connected with the accident and resulting injury. But the owner of a horse is not an insurer against accident. All that defendant could have been required to do was to tie or hitch the team while its employee was delivering ice; or to have a driver holding the reins while delivery was being made. It is not necessary or usual to do both. But this accident,—a sudden snap at the child,—could have occurred just as well whether the horse was hitched or not, and whether a driver was on the wagon or not, or even if both measures had been resorted to. It had no causal connection with the failure to hitch the horse or hold the reins while ice was being delivered. There being no other evidence of defendant's negligence its point for binding instructions should have been affirmed. The first and third assignments of error are sustained. The judgments are reversed and are now entered for the defendant.