## Rennie v. Schepps et al.

*J. V. Horan*, for plaintiff.

*Frederick Beyer* and *Theodore F. Jenkins*, for defendants.

KUN, J., Jan. 4, 1929.—According to the plaintiff's testimony, Robert S. Schepps, a butcher, one of the defendants, purchased seven dehorned steers from Messrs. Heilbron and Loeb, cattle brokers. At the request of Schepps, the West Philadelphia Stock Yard Company, the other defendant, hauled the steers to Schepps's slaughter-house on Orkney Street. Schepps's store is No. 2937 North 5th Street, the slaughter-house is in the rear, on Orkney Street, a narrow street with a cartway about twelve feet wide. The steers were brought to the slaughter-house on a truck of the West Philadelphia Stock Yard Company, and while being unloaded, one of the steers ran down Orkney Street, though one of the men in charge of the truck endeavored to prevent it. The plaintiff's case also showed that the West Philadelphia Stock Yard Company had sent two men with the truck, who, with some men of the defendant, Schepps, were looking after the steers in getting them into Schepps's place, when the one got away. The steer, some four or five miles from Schepps's place of business, came in contact with plaintiff's motor-car, which he was driving, and occasioned the damage complained of.

There was no evidence in the case that the dehorned steer which got away was wild, or that either of the defendants had any knowledge that it had any unusual propensities. As the proofs failed to disclose any evidence on which a jury could have found negligence on the part of the defendants, a non-suit was entered.

While there is some confusion in this class of cases, it seems clear that recovery can be had only on one of two theories, *scienter* or negligence. Where viciousness of the animal and *scienter* of the owner is shown, it is generally held that a *prima facie* case is established, and the defendant is put to his defense, though some authorities hold that, even in such case, negli-

gence must be shown. Undoubtedly, where *scienter* is proven, the owner must be charged with a higher degree of care. However, in this case, there was no proof of *scienter*, so that it could not be submitted to the jury on that theory. This, however, though *scienter* was averred, did not prevent plaintiff from having his case submitted to the jury on the other theory of liability, to wit, negligence, if there were any proofs in the case from which negligence could be properly inferred: Puechner *v.* Braun, 10 Pa. Superior Ct. 595.

The burden of proving negligence, however, in a case of this sort is no different from that in any other negligence case, excepting cases in which the doctrine of *res ipsa loquitur* is applied, and this is not one of them. Plaintiff cannot recover on the mere happening of the occurrence. He must present some proofs from which negligence may fairly be inferred. When, however, there is no evidence in the case from which such an inference may fairly be made, there is nothing to submit to the jury: Quigley *v.* Adams Express Co., 27 Pa. Superior Ct. 116; Laughlin *v.* Philadelphia, 239 Pa. 455; Barshay *v.* American Ice Co., 84 Pa. Superior Ct. 538.

In the Peuchner case, *supra*, the court said: "The whole question turns upon whether or not the defendant or those acting for him did all that was reasonable and proper after this steer manifested that it was wild and, perhaps, dangerous." This language implies there was some evidence in the case to which it was applicable.

In the instant case, there were no proofs presented to indicate that the steer manifested that it was wild and, perhaps, dangerous. According to the plaintiff's proofs, it, with six other dehorned steers, was conveyed by the defendant, West Philadelphia Stock Yard Company, apparently in the usual and ordinary way, in a truck in charge of two men, and when the truck arrived at the rear of the other defendant's place of business in a narrow street, some men of the defendant, Schepps, helped the two men of the stock yard company to look after the unloading of the steers. A number of them were safely guided into the defendant's yard, but one of them somehow got away, damaging the plaintiff. There was no evidence in the case that the manner and the means by which the stock yard company conveyed and delivered the dehorned steers to the defendant, Schepps, was imprudent or improper, or that the manner in which the defendant, Schepps, received them was imprudent or improper in any particular. In this situation, the court could not submit any question of negligence to the jury, however blameless the plaintiff was.

In the case of Erdman *v.* Gottshall, 9 Pa. Superior Ct. 295, which was a suit for damages for injury to plaintiff's corn, committed by two distinct acts of trespass by the defendant's cows, it appeared that the first occurred while the cows were being driven on the public highway, by their escaping into a cornfield of the plaintiff opening upon the highway. The trial judge submitted the matter to the jury, saying, *inter alia:* "It is not a question as to whether there was negligence on the part of the owner of the cattle in trusting them to those boys, or not; if they did escape from their control, got upon the plaintiff's land and destroyed her corn, the defendant is liable for whatever damages she sustained." The Superior Court held this was error, saying: "In this case there was no evidence of negligence in the driving of the cows, nor in committing the care of them to the defendant's sons. The only possible liability was for failure to remove the cattle from the plaintiff's premises within a reasonable time. This ordinarily would be a question for the jury: Goodwyn *v.* Cheveley, 4 H. & N. 631. But the evidence adduced at the trial was not sufficient to warrant its submission. The court should,

therefore, have instructed the jury for the defendant in respect to the first alleged trespass."

In a case where two men were driving a bull through the streets by ropes attached to a ring in its nose, and, on being excited, the bull broke the ring, in which there was some latent defect, and injured the plaintiff, it was held that he could not recover, there being no evidence of negligence: Harpers v. Great North of Scotland R. Co., 13 Rettie, 1139, cited in 3 Corpus Juris, 97, note 5, in which is also cited Curtis v. Schlosser, 3 Dist. R. 598, 14 Pa. C. C. Reps. 600.

In the instant case, the proofs were entirely devoid of any evidence from which negligence on the part of the defendants, or either of them, could have been fairly inferred.

The court properly overruled the motion to take off the non-suit.