# Stevenson *v.* United States Express Company, Appellant.

*Negligence—Animals—Unattended horse in city street—Contributory negligence—Question for jury.*

One who leaves a horse unhitched and unattended on a city street takes the risk of what the horse may do. Such an act raises a presumption of negligence and puts on the party doing it the burden of showing circumstances which justified or excused it. How strong the presumption will be must depend largely on the circumstances. If the horse is young, skittish, nervous or unused to the sights and sounds of a city street the presumption would be strong, while if he is old, staid and accustomed to city life, it might be very slight.

Where an invalid in a rolling chair is left by her attendant in the cartway of a public street about twenty feet behind an unattended and unhitched horse and wagon, and the horse backs upon the chair and injures its occupant, the question of the occupant's contributory negligence is for the jury.

Argued Jan. 17, 1908. Appeal, No. 236, Jan. T., 1907, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1906, No. 1,025, on verdict for plaintiff in case of Elizabeth L. Stevenson v. United States Express Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MAGILL, J.

At the trial it appeared that on January 2, 1906, the plaintiff, an invalid, was pushed in her rolling chair by her attendant, to a point near the express office of the defendant company. The attendant left the chair with the plaintiff in it, standing in the cartway of the street while she went to deliver a package at the express office. About twenty feet in front of the rolling chair stood a horse and wagon belonging to the defendant, the horse being unhitched and unattended. While the two vehicles were in this position the horse suddenly backed upon the chair, overturned it and seriously injured the plaintiff. There was evidence that the cause of the horse backing, was the colic. The court submitted plaintiff's negligence and defendant's contributory negligence to the jury.

Verdict and judgment for plaintiff for $6,000. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*James F. Campbell,* for appellant.—The leaving of a helpless invalid in a rolling chair in the cartway of a busy city street in the rear of an unattended wagon is negligence per se : Holt v. R. R. Co., 206 Pa. 356 ; Eby v. Shenk, 11 Lancaster Law Review, 337 ; Evans v. Express Co., 122 Indiana, 362 (23 N. E. Repr. 1039) ; Hoffman v. Rapid Transit Co., 214 Pa. 87 ; Harris v. Ice Co., 153 Pa. 278 ; Haven v. Bridge Co., 151 Pa. 620 ; Miller v. Atlantic Refining Co., 210 Pa. 628.

The leaving of the horse unhitched and unattended under the facts in this case does not raise a presumption of negligence, or prima facie evidence of negligence sufficient to carry the case to the jury: Swanson v. Crandall, 2 Pa. Superior Ct. 85; Ry. Co. v. Trich, 117 Pa. 390; Chartiers Twp. v. Phillips, 122 Pa. 601; McCauley v. Logan, 152 Pa. 202; McGrew v. Stone, 53 Pa. 436; Cage v. Franklin Twp., 11 Pa. Superior Ct. 533.

*A. S. Ashbridge, Jr.*, for appellee, cited: Henry v. Klopfer, 147 Pa. 178; Casey v. United States Express Co., 214 Pa. 1.

PER CURIAM, April 27, 1908:

One who leaves a horse unhitched and unattended on a city street takes the risk of what the horse may do. It was held in Henry v. Klopfer, 147 Pa. 178, that such an act raises a presumption of negligence and puts on the party doing it the burden of showing circumstances which justified or excused it. How strong the presumption will be must depend largely on the circumstances. If the horse is young, skittish, nervous or unused to the sights and sounds of a city street, the presumption would be strong, while if he is old, staid and accustomed to city life, it might be very slight. But even a staid and veteran horse may be liable to sudden fright, or as in this case to sudden pain which may induce dangerous behavior. It is, therefore, a matter for the jury.

So, on the other hand, was the question of contributory negligence of the plaintiff. The ordinance of February 2, 1897 (Brown's Digest, p. 1348), regulating travel on the public highways of Philadelphia, classes together all persons riding or driving " whether on horseback, in carriages, wagons or other vehicles, or upon bicycles, tricycles, or other mechanical contrivances," as occupants of the cartway, and the next section subjects all persons using " barrows or hand carts " to the regulations prescribed for carriages, wagons and other vehicles. Wheeled or rolling chairs are not specifically named, but they are clearly within the description of vehicles, and " other mechanical contrivances." Whether in view of their almost exclusive use for small children and invalids they might not reasonably be entitled to take the foot pavement, they certainly are not obliged to do so. It would be a question for the

jury on which the customs of the people would be weighty evidence.

Prima facie, therefore, the plaintiff was within her legal rights, if not her legal obligations, in using the street. Whether or not she was negligent in stopping and being left unattended in her condition of impaired capacity for movement, behind an unhitched horse, was clearly a matter for the jury.

Judgment affirmed.