# Coller, Appellant, v. Knox.

*Negligence—Runaway team—Nonsuit.*

The mere fact of a runaway does not by itself imply negligence, nor would even leaving a team standing in a private lane do so.

In an action to recover damages for personal injuries, a nonsuit is properly entered where the plaintiff testifies in effect that when he passed a lane leading from defendant's house to a public road, he saw

the team of defendant standing-in the lane, and a man standing at the head of the horses; that he drove slowly past the end of the lane, and when he had gotten 180 or 200 feet down the road, he heard a warning to "look out," and immediately afterwards was struck by the runaway team.

Argued Oct. 13, 1908. Appeal, No. 52, Oct. T., 1908, by plaintiff, from order of C. P. Lawrence Co., Sept. T., 1905, No. 12, refusing to take off nonsuit in case of William H. Coller v. Alexander G. Knox. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILLIAM E. PORTER, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order refusing to take off nonsuit.

*C. H. Akens,* of *Akens, Wilkison, Lockhart & Chambers,* for appellant.

*J. Norman Martin* and *A. Martin Graham,* for appellee, were not heard.

PER CURIAM, November 2, 1908:

There was no evidence of negligence on the part of defendant. The only testimony as to the facts of the occurrence was from the plaintiff himself, and was to the effect that when he passed the lane, leading from defendant's house, to the public road, he saw the team of defendant standing in the lane, and a man standing at the head of the horses. He drove slowly past the end of the lane, and when he had gotten 180 or 200 feet down the road he heard a warning to "look out," and immediately after was struck by the runaway team.

In all this there is no evidence of negligence. The mere fact of a runaway does not by itself imply negligence, nor would even leaving a team standing in a private lane do so. But in this case the affirmative evidence is that when last seen only a few moments before the collision, there was a man standing at the horses' heads.

The cases cited by the appellant of horses left unhitched and unattended on a city street, stand upon an entirely different footing.

Judgment affirmed.