# Weikel *v.* Pullman Taxicab Company, Appellant.

*Negligence—Automobiles—Rear end collision between taxicab and wagon—Absence of driver from wagon—Contributory negligence—Case for jury.*

In a suit against the owner of a taxicab to recover damages for injuries to a wagon, the case is for the jury where the evidence tends to show that the taxicab was driven at night along a well-lighted street, and without turning either to the right or left ran straight into the rear

of the wagon which had a light at the back. In such a case the plaintiff's right to recover is not defeated by the fact that the driver had left the wagon to deliver milk to his customers, and the horse was proceeding slowly along the street in the car track.

Submitted Dec. 1, 1914. Appeal, No. 122, Oct. T., 1914, by defendant, from judgment of Municipal Ct., Phila. Co., on verdict for plaintiff in case of Jacob G. G. Weikel and Abraham Weikel, Copartners trading as Weikel Brothers, v. Pullman Taxicab Company. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for injuries to a wagon. Before GILPIN, J.

At the trial it appeared that about four o'clock in the morning of January 10, 1914, plaintiff's milk wagon was run into by a taxicab and damaged. The facts relating to the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $235.12. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Edgar J. Pershing* for appellant.—Defendant was not negligent: Baker v. Fehr, 97 Pa. 70; Catawissa R. R. Co. v. Armstrong, 52 Pa. 282; Philadelphia & Reading R. R. Co. v. Yerger, 73 Pa. 121; Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610.

. It has been held that where a horse is loose upon the street and unattended by anyone attempting to control it, there is a presumption of negligence rebuttable only by showing all the circumstances under which the escape occurred: Unger v. Forty-Second St., etc., R. R. Co., 51 N. Y. 497; Henry v. Klopfer, 147 Pa. 178; Stevenson v. U. S. Express Co., 221 Pa. 59; Dunkle v.

City Pass. Ry. Co., 209 Pa. 125; Davis v. Kallfelz, 22
Misc. (N. Y.) 602; Dougherty v. Sweetzer, 82 Hun,
N. Y. 556; Goodman v. Gay, 15 Pa. 188; Miller v.
Cohen, 173 Pa. 488.

*Frank Rogers Donahue,* for appellees.

OPINION BY TREXLER, J., May 14, 1915:

The employee of the defendant company while oper-
ating one of its taxicabs drove into the rear of plaintiff's
milk wagon. The plaintiff had left the team and was
delivering milk to his customers, and the horse was
proceeding slowly down the street in the car tracks.
The driver of the taxicab alleges that as he was about
to pass the wagon he saw the horse turning to the
right. He then attempted to cross on the left when the
horse turned in that direction. The horse as he claims
then stopped and in some way the collision occurred.
It is admitted that the milk wagon during this time
never left the car tracks. The accident occurred at
four o'clock in the morning but there was evidence
that the place of the accident was well lighted, and
that there was a light in the back of the milk wagon.
The plaintiff's story is that the taxicab came down the
street and turning neither to the right nor left ran straight
into the rear of his wagon. Certainly with such testi-
mony the decision of the case was for the jury. If the
plaintiff's narration is true the driver of the taxicab
was plainly negligent.

The principal defense is that the owner of the milk
wagon having left his team without a driver was guilty
of contributory negligence. It is true that the owner of
a horse is prima facie guilty of negligence if he leaves
him unhitched and unattended in a public street. He
takes the risk as to what the horse may do, and it puts
upon the party doing it the burden of showing circum-
stances which justified or excused it. How strong the
presumption is depends on the circumstances. It is

therefore a matter for the jury: Stevenson v. United States Express Company, 221 Pa. 59.

This does not mean that the owner of an unhitched and unattended horse may under no circumstances recover for injuries negligently done to it or the vehicle with its contents drawn by such horse. The lack of attention given to the horse must contribute to the accident in order to defeat recovery by the owner of the horse. In the case we are considering, the jury could readily come to the conclusion that the fact that the horse was without a driver in no way affected the question of defendant's negligence, and that the collision occurred solely through the negligence of the driver of the taxicab.

Judgment affirmed.