## EDDIE DYER *vs.* FRED MUDGETT.

### Penobscot.    Opinion October 7, 1919.

*General rule as to the right of permitting horses or other domestic animals to be at large
in the limits of the public highway without a keeper.    Rule where there is a
town law or ordinance prohibiting same.    Burden of showing that
owner of domestic animals permitted same to be at large on
public highway.*

It is no longer unlawful by statute to allow domestic animals to graze in the public
highway; and at common law an owner may lawfully permit his domestic
animals to graze within the limits of the highway in front of his own premises.

Such animals being lawfully in the highway within these limits, for the above
purposes, unless of vicious disposition of which the owner had knowledge, the
owner will not be liable for damage resulting therefrom which he could not
reasonably have anticipated.    This must, of course, be true where animals are
within the highway without the owner's knowledge or negligence, of which evi-
dence in the case is lacking.

Action on the case to recover damages for the injury to plaintiff's
automobile caused by the alleged negligence of defendant in permit-
ting his horse to be at large without a keeper on the public highway.
The defendant filed plea of general issue.    At close of plaintiff's evi-
dence, upon motion of defendant, a non suit was granted to which
ruling plaintiff filed exceptions.    Exceptions overruled.

Case stated in opinion.

*W. B. Pierce and George H. Morse*, for plaintiff.

*Harry R. Coolidge*, for defendant.

SITTING:   CORNISH, C. J., SPEAR, HANSON, DUNN, DEASY,
WILSON, JJ.

WILSON, J.    This is an action to recover damages resulting to the
automobile of the plaintiff from coming into contact with the defend-
ant's horse, which at the time of the accident was at large within the
limits of the highway in front of the defendant's premises.    The plain-
tiff in his automobile was driving along the highway just after dark
and as he was passing the defendant's premises the defendant's horse

suddenly appeared in front of his car, and by reason of the collision the damages complained of resulted.

At the close of the plaintiff's testimony the defendant moved for a non suit which the presiding Justice granted, to which ruling the plaintiff excepted.

It is no longer unlawful by statute to allow a horse or other domestic animal to be at large in the public highway without a keeper. *Briggs v. Ice Co.*, 112 Maine, 344, 347. If injury and damage result therefrom the rights of the parties are determined by the common law, unless made unlawful by a town by-law or city ordinance. At common law while one was obliged to restrain his own animals and prevent them from trespassing on his neighbors' lands, he might allow his domestic animals, such as horses, cattle and sheep, to graze within the limits of the highway, but only in front of his own premises. The abutting owner owned the soil to the center of the way, and subject to the right of public travel had the right to cultivate the soil and to the herbage growing thereon. *Burr v. Stevens*, 90 Maine, 500, 503; *Robinson v. Railroad Co.*, 79 Mich., 323, 327; *Holden v. Shattuck*, 34 Vt., 336, 342; *Heath's Garage Lim. v. Hodges*, 2 Law Rep., K. B., (1916) 370. Such animals being lawfully in the highway within these limits, unless of vicious disposition of which the owner has knowledge, do not render him liable for damages resulting that could not reasonably be anticipated. *Cox v. Burbridge*, 106 Eng. Com., Law Rep., 430; *Heath's Garage v. Hodges*, supra; *Holden v. Shattuck*, supra; *Dix v. Somerset Coal Co.*, 217 Mass., 146. This must, of course, be true when the animal was there without the owner's knowledge, and through no negligence on his part.

As to whether allowing domestic animals such as horses, cattle or sheep to run at large in the highway at night, even on that part fronting on the owner's premises, is an act of negligence for which the owner may be responsible in case of injury, it is not necessary to decide. This case is lacking in evidence that the defendant knowingly permitted the horse with which the plaintiff's car collided to be at large on the night the accident occurred. It not being shown to be unlawful by any by-law of the town of Burnham for a horse to be at large in the public ways of that town, and without proof of negligence or knowledge on the part of the defendant, the plaintiff failed to sustain his declaration. Entry will be,

*Exceptions overruled.*