# Luks *v.* American Ice Co., Appellant.

*Negligence—Runaway horse—Sudden emergency—Choice of two courses—Charge of court—Allegata et probata.*

1. The mere fact of a runaway does not imply negligence. If a team without fault of the driver is running away, and he is confronted with a sudden emergency which offers two equally dangerous courses, in selecting either one of them he is not to be convicted of negligence even if the one selected is an error of judgment from which an injury follows; but, when the emergency is created because of his own unusual conduct amounting to negligence, the owner will be liable for injuries following the selection of one of two dangerous courses whether the selection is through an error of judgment or not.

2. In an action against the owner of a team to recover damages for personal injuries plaintiff's statement charged negligent and reckless driving and nothing more. Plaintiff's case showed that while she was walking on the south side of a street running east and west she noticed the team coming towards her along a dead-end street which terminated at the street on which she was walking. The horses were "running wild" and the driver was whipping them. The team was driven on to the sidewalk and she was in-

jured.  Defendant's case showed that the team was hauling a wagon containing several thousand pounds of ice.  It consisted of two horses, one, recently purchased, roadworthy, and not green, accustomed to work in harness, but not "city broke," without having shown any disposition to run away.  The other was considered safe, with a record of having been driven in the city for two or three years.  The new horse was high spirited, but both left the stable at a walk.  Before they had gone far, the new horse started prancing, and as the team turned into the dead-end street they were on a run and could not be held in by their experienced driver, nor stopped by two stable men who attempted to do so.  To prevent a collision with an automobile at the turn into the street along which plaintiff was walking, and to check the team, it was directed to a pole on the south side of the street and the wagon crashed into the pole, with the result that plaintiff was injured. *Held*, that, as defendant's proof set up a clear case of runaway and denied that the horse was abused, it was reversible error for the trial judge to refuse to charge in effect as follows: "As there was no evidence of prior bad traits, and if this was a runaway (in the manner) as testified to by defendant, the defendant in the exercise of ordinary care did all that was necessary for it to do to avoid the accident."

3.  Such instructions did not destroy plaintiff's theory of the case, nor call for binding directions.  It presented defendant's theory, and when the jury found the horse ran away "as testified to," they must consider plaintiff's evidence, and her view of the case; but, if defendant's testimony was believed, and it could be believed only if the horse "ran away" as "testified to," then the point correctly stated the law as to the duty imposed.

4.  To hold defendant for negligence in permitting the team to go out of the stable with a new high spirited, but not green, horse, working with a horse considered safe, it must appear that the horse, or team, had a propensity to run away, which the defendant knew, or had good reason to believe.

5.  In such a case where it is not averred by the statement of claim, nor shown by plaintiff's proofs that there was any want of care on the part of the defendant in permitting the new horse to go out with the other horse, or that the new horse was not properly harnessed, or that a curb bit was necessary, it is reversible error for the court to submit such matters to the jury as bearing upon defendant's negligence.

Argued January 16, 1920.  Appeal, No. 65, Jan. T., 1920, by defendant, from judgment of C. P. No. 2, Phila.

Co., Dec. T., 1918, No. 2667, on verdict for plaintiff in case of Fannie Luks v. American Ice Company, trading as Maine Ice & Coal Co. Before BROWN, C. J., MOSCH-ZISKER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WESSEL, J.

The facts are stated in the opinion of the Supreme Court.

Defendant presented, inter alia, the following points:

"1. The mere fact of injury to plaintiff caused by a runaway team of defendant would not render the defendant liable in this case. Answer: I affirm that as a proposition of law. You will also take into consideration the evidence in this case which has been submitted as to the acts of the defendant in permitting the horse to go upon the street under the conditions which have been adverted to at such length that I will not go over it again."   (4)

"4. The fact that a curb bit was not used upon a horse that ran away is not evidence of negligence in the absence of any evidence indicating that the use of a curb bit was previously shown to have been necessary or would have avoided the runaway. Answer: I affirm that as a statement, but the jury must take that fact into consideration with all the other evidence in the case in concluding as to whether or not this defendant was negligent."   (5)

"5. In the absence of evidence to show that a horse is wild, unbroken or unroadworthy, the mere fact that a horse is animated or spirited, or that it is harnessed with another horse more quiet to have the effect of aiding the livelier horse to be more gentle, is not evidence that such a horse is one which is apt to run away. Answer: I affirm that as a statement. I do not know what law there is in it. You will consider all the facts in this case."   (6)

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

340      LUKS *v.* AMERICAN ICE CO., Appellant.

*Errors assigned,* among others, were (4, 5, 6) answers to points as above, quoting them, and (7) refusal of defendant's request as set forth in the opinion of the Supreme Court.

*Frank R. Savidge,* for appellant.—The case was one of a runaway horse, and no negligence was shown by defendant or its servants: Coller v. Knox, 222 Pa. 362; Erickson v. Sutherland, 69 Pa. Superior Ct. 516; Quigley v. Adams Express Co., 27 Pa. Superior Ct. 116.

There is no evidence in the case to show need for a curb bit prior to the runaway, and it was therefore error for the court to leave to the jury the question of the proper harnessing: Burke v. Maxwell, 81 Pa. 139; Axtel v. Caldwell, 24 Pa. 88; McGregor v. P. R. R., 212 Pa. 482.

There is no evidence from which the jury could find that the horse should not have been taken out that day.

*James A. Sowers,* for appellee.—The case was not one of a runaway horse, and negligence upon the part of the defendant, through its servants, was clearly shown: McCaughey v. American Ice Co., 45 Pa. Superior Ct. 370; McGettigan v. Quaker City Automobile Co., 48 Pa. Superior Ct. 602; Johnson v. P. R. T. Co., 56 Pa. Superior Ct. 20; Prinz v. Lucas, 210 Pa. 620; May v. Allison, 30 Pa. Superior Ct. 50; Haring v. Connell, 244 Pa. 442; Glase v. Philadelphia, 169 Pa. 488; Danko v. Pittsburgh Rys. Co., 230 Pa. 295.

Where a horse displays unusual traits and that where such unusual traits may urge it to do something to cause harm or damage to someone upon the public highway, the owner of the horse should take some measures to prevent injury to such persons without proof from the plaintiff as to the exact precaution to be taken: Hamilton v. Hopkins, 247 Pa. 499; McConnell v. Lloyd, 9 Pa. Superior Ct. 25.

OPINION BY MR. JUSTICE KEPHART, March 22, 1920:

Hutchinson street, in the City of Philadelphia, ends at Poplar street; it is a dead-end street. Plaintiff's case shows that while walking on the south side of Poplar street she noticed defendant's team coming towards her, on Hutchinson street, the horses "running wild," the driver whipping the horses as they ran. Efforts by bystanders to stop the team were unsuccessful, and the driver, to check it, drove on the south side of Poplar street into a pole, one horse striking and injuring the plaintiff. Plaintiff's evidence covered the circumstances from a point about 100 to 200 feet from the place of the accident. Defendant's case shows a team of horses hauling a wagon containing several thousand pounds of ice from stables, located some four or five blocks from the accident. One of the horses was new, recently purchased, but roadworthy; it had been driven before and exhibited no disposition to run away. It was not a green horse, in that it was accustomed to harness and work, but was not "city broke," and had been standing in the stable a couple days before this trip. The other horse had been driven for two or three years in the city, and was considered safe. The new horse was high spirited, but both horses left the stable at a walk. Before they had gone far, the new horse started a prancing trot; as the team turned into Hutchinson street, a short distance from the stables, it developed into a run. It became evident to the people connected with the stable, who were watching the horses leave, the team was getting away from a driver of thirty years' experience. Two of the stablemen ran forward and caught up with the horses, holding them by the bridles and hanging to them for two squares. Notwithstanding the efforts of these men it was impossible to stop the team and the stablemen, for their own safety, released their hold. The driver kept his horses on Hutchinson street to Poplar, avoiding several side streets because of the dangers to be encountered there. To prevent a collision with an auto-

mobile at the turn on Poplar street, and to check the team so as to escape further difficulties, it was directed towards a pole immediately in front, standing on the south side of Poplar street. Plaintiff was not injured by the team when the wagon crashed into the pole, but, being scared, in an effort to flee, fell backwards over a step. Whether plaintiff was struck by the horses, or fell backwards, is immaterial if defendant was negligent. The horses were not whipped and no whip was in the driver's hands.

The negligence complained of, and for the jury's consideration, was that the man in charge of the team did not drive with the skill and caution ordinarily used, but by whipping a young horse, unaccustomed to city life, caused it to get into an uncontrollable condition, or by whipping horses in the act of running away, caused them to become so unmanageable that in either case they could not be stopped, except by the extraordinary means adopted; having by his own unusual conduct created this condition, his act in driving into a pole on the pavement would not excuse him, as it was his fault that made it necessary to adopt the course he did.

Having denied the horses were abused in any way and having set up a clear case of a runaway, defendant requested the court to charge the jury, in its 7th point, substantially as follows: As there was no evidence of prior bad traits, and if this was a runaway (in the manner) as testified to by defendant, the defendant in the exercise of ordinary care did all that was necessary for it to do to avoid the accident. While the point was not artistically drawn, its clear import was as here stated. The point was refused. It should have been affirmed. It did not destroy plaintiff's theory of the case, nor call for a binding direction. It, however, presented defendant's theory, and, when they found a runaway horse "as testified to," they must consider plaintiff's evidence and her view of the case. But, if defendant's testimony was believed, and it could be believed only if the horse "ran

away" as "testified to," then the point correctly stated
the law as to the duty imposed. It was proper for the
jury's consideration, guiding them in their deliberations.
The jury, to reach defendant's theory, must, of course,
have disbelieved plaintiff's evidence as to the abuse of
the horses. To hold defendant for negligence in per-
mitting the team to go out as it did, it must appear that
the horse, or team, had a propensity to run away,
which the owner knew, or had good reason to believe:
Benoit v. T. & L. R. R., 154 N. Y. 226, 227; Hamilton v.
Hopkins, 247 Pa. 499; Creamer v. McIlvain, 89 Md. 343.
The mere fact of a runaway does not imply negligence:
Coller v. Knox, 222 Pa. 362; Erickson v. Sutherland, 69
Pa. Superior Ct. 516, 520. If the team, without fault
of defendant, was running away, and he was confronted
with a sudden emergency which offered two equally dan-
gerous courses, in selecting either one of them he is not
to be convicted of negligence, even if the one selected was
an error of judgment from which an injury followed:
Benoit v. T. & L. R. R., supra. But when the emergency
was created because of his own unusual conduct, amount-
ing to negligence, the owner will be liable for injuries
following the selection of one of two dangerous courses,
whether the selection was through an error of judgment
or not.

In addition to this, the court qualified defendant's
first point by matters clearly not in the record. There
was not a scintilla of evidence that there was any want
of care on the part of defendant in permitting the new
horse, in company with the other horse, to leave for the
purposes mentioned on the day of the accident. Plain-
tiff, in her pleadings and evidence, did not charge any
such neglect, and the evidence erroneously brought on
the record did not create any such condition.

The same may be said of the answers to defendant's
4th and 5th points. There was no evidence in the case
that the horse was not properly harnessed, nor that a

curb bit was necessary, and plaintiff did not charge or rely on such negligence.

The difficulty in this case arises from the injection of a theory of negligence not averred in the pleadings, nor sustained by the evidence. The statement set up negligent or reckless driving and no more. Had the new matter been immaterial, it might be regarded as harmless, but the charge of the court was based solely on these erroneous theories of negligence, while plaintiff's charge of neglect was not considered, and the answers to defendant's points were modified by these same erroneous theories; it is evident appellant was harmed by the answers to its points and the charge to the jury.

It is not necessary to further consider the assignments of error in detail. What has been above said sufficiently points out the error which ran throughout the trial, and for those reasons the judgment is reversed and a venire facias de novo awarded.