## Jordan et ux. *v.* Eisele, Appellant.

*Negligence — Animals — Runaway horse — Leaving horse unattended—Burden of proof—Proximate cause—Natural result—Improbable result—Case for jury.*

1. The mere fact that a horse runs away does not of itself establish negligence; yet, leaving a horse unhitched and unattended in a city street raises a presumption of negligence, placing upon the party so doing the burden of justifying the act; and whether that burden has been met is a question for the jury.

2. The natural result of a horse running away in a city street is injury to persons or property, and he whose negligence caused it, is liable for the consequences, although in advance the result actually occurring might have seemed improbable.

*Appeals—Negligence—Separate judgment—Husband and wife— Joint appeal—Election — Motion to quash — Time — Appeal nunc pro tunc.*

3. A joint appeal taken from separate judgments for husband and wife in a negligence case is error, and forms the basis of a motion to quash the appeal, but if defendant elects to treat the appeal as from the wife's judgment, the motion to quash will be refused.

4. In such case, as the time for an appeal is definitely fixed by statute, the appellate court, after the time has expired, cannot grant defendant's petition for leave to appeal nunc pro tunc from the husband's judgment.

Submitted January 11, 1922. Appeal, No. 150, Jan. T., 1922, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1915, No. 3069, on verdict for

plaintiffs, in case of J. S. Jordan and Maumee Jordan v. Philip C. Eisele. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict for Maumee Jordan for $4,000, upon which judgment was entered for $2,500, and for J. S. Jordan for $1,500 upon which judgment was entered. Defendant took one appeal.

*Error assigned,* among others, was refusal of judgment for defendant n. o. v., quoting the record.

*David Phillips,* for appellant.—The mere fact that the horse ran away does not imply negligence: Coller v. Knox, 222 Pa. 362; Erickson v. Sutherland, 69 Pa. Superior Ct. 516; Luks v. Am. Ice Co., 267 Pa. 337.

There is no proof that this horse was vicious or that defendant knew him to be vicious: Miller v. Atlantic Refining Co., 210 Pa. 628.

When the driver unhitched the standing horse he was not negligent: Luks v. Am. Ice Co., 267 Pa. 337.

The application of the driver's foot to the fallen horse was not the proximate cause of the plaintiff's injury: Davison v. Traction Co., 10 Pa. Superior Ct. 442; Boatwright v. Ry., 4 Pa. Superior Ct. 279; West Mahanoy Twp. v. Watson, 116 Pa. 344.

Where the facts are undisputed, the question of proximate cause is a question of law, and the court was bound to decide it as a matter of law: Bruggeman v. City of York, 259 Pa. 94.

*James G. Denny, Jr.,* and *Harman Yerkes,* for appellees.—A single appeal has been taken herein from judgments entered on separate verdicts in favor of a husband and wife. Appellees move to quash on this ground: Rinker v. Iron Co., 68 Pa. Superior Ct. 258.

The case was for the jury: Ramsey v. Martin, 45 Pa. Superior Ct. 645; Stevenson v. U. S. Express Co., 221 Pa. 59; Weikel v. Taxicab Co., 59 Pa. Superior Ct. 595.

OPINION BY MR. JUSTICE WALLING, February 13, 1922:

On April 15, 1913, defendant's team, attached to a street-sweeping machine and in charge of an employee, was being driven east in Larchmont Avenue, Phila., and in making the turn at Fifty-Second Street, one of the horses fell on the pavement. The driver unhitched the other horse and turned its head away from the pole, where it was left unrestrained, although young, shy and skittish, while the driver went over by the fallen horse and by kicks, etc., urged it to arise. The latter in struggling kicked the hind leg of its mate, which, being free, ran three blocks down the street, where it injured Mrs. Maumee Jordan, the plaintiff. The jury found in her favor and this appeal by defendant is from judgment entered thereon.

Appellant's statement of the question involved is: "Is there any evidence to support the verdict for plaintiffs?" This must be answered in the affirmative; for, while there was some slight discrepancy in the evidence, it justified a finding of the facts as above stated. The mere fact that a horse runs away does not of itself establish negligence (Luks v. American Ice Co., 267 Pa. 337; Coller v. Knox, 222 Pa. 362), yet, leaving a horse unhitched and unattended in a city street raises a presumption of negligence, placing upon the party so doing the burden of justifying the act, and whether that burden has been met is a question for the jury: Stevenson v. United Express Company, 221 Pa. 59; Henry v. Klopfer, 147 Pa. 178; Weikel v. Pullman Taxicab Company, 59 Pa. Superior Ct. 595, 597. In the present case, the horse was young and skittish; whether the driver exercised reasonable care in leaving it loose in the street, when it might have been tied or temporarily placed in charge of a fellow workman or bystander, was for the jury. Moreover,

due caution might have suggested the probability that a skittish horse would take fright from the struggles of the mate in regaining its feet.

The jury found the horse ran away and injured plaintiff because of the driver's negligence; if so, the negligence was the proximate cause of the injury, as there was no intervening agency. The natural result of a horse running away in a city street is injury to persons or property, and he whose negligence caused it is liable for the consequences, although in advance the result actually occurring might have seemed improbable: see Howarth v. Adams Express Co., 269 Pa. 280.

In the trial court separate judgments were recovered by plaintiff and her husband; from which a joint appeal was taken. This was error, and formed the basis of a motion to quash the appeal, but as appellant elected to treat the appeal as from the wife's judgment alone, the motion is refused.

The time for an appeal to this court is definitely fixed by statute; hence, we cannot grant defendant's petition for leave to appeal from the husband's judgment nunc pro tunc.

The assignments of error are overruled and the judgment is affirmed.