## Spondike v. Jefferson and Clearfield Coal and Iron Co.

*Practice, J. P.—Appeals—Appeal nunc pro tunc—Notice of judgment— Appeal after twenty days—Acts of March 20, 1810, and March 22, 1877.*

1. The Act of March 22, 1877, P. L. 13, fixes the time for a justice of the peace to render judgment within a period of ten days after all the evidence in the case shall have been heard, and no statute requires the justice to give notice to either litigants or their attorneys when judgment is rendered.

2. The Act of March 20, 1810, 5 Sm. Laws, 161, directs that appeals from judgments of a justice of the peace must be taken within twenty days after judgment rendered. When the time for appeal is definitely fixed by statute, the court, after the time has expired, cannot grant leave to appeal *nunc pro tunc* in a case where there was no fraud, wrongful act or negligence on the part of the justice, and plaintiff had abundant time for appeal within the period fixed by law after he knew judgment had been rendered.

Rule to show cause why appeal should not be allowed *nunc pro tunc.* C. P. Indiana Co., March T., 1924, No. 38.

*E. Walker Smith,* for rule; *Henry I. Wilson,* contra.

LANGHAM, P. J., March 3, 1924.—This case came on to be heard by argument of counsel on a rule to show cause why an appeal should not be granted *nunc pro tunc* from the judgment of a justice of the peace.

The plaintiff in the case, who is the petitioner, sets forth, *inter alia,* in his petition that the hearing before the justice was held Nov. 16, 1923; "that no decision was announced at that time, and no day fixed by the justice when his decision would be rendered, and no notice was given to the plaintiff nor to his attorney as to when judgment was actually rendered." The appeal was demanded Dec. 7, 1923.

Counsel for petitioner knows that the Act of Assembly of March 22, 1877, P. L. 13, fixes the time for a justice of the peace to render judgment "within a period of ten days after all the evidence in said causes shall have been heard," and we know of no statute requiring a justice to give notice to either litigants or their attorneys as to when judgment is rendered.

But the petitioner further avers: "That two or three days after the hearing, plaintiff's attorney went to the justice to inquire about the decision; no judgment had yet been entered, but the justice stated that he was going to enter judgment and had decided the case at the time of the hearing." The petitioner also states that about a week afterwards he, in company with his attorney, called at the office of the justice "for the purpose of taking an appeal, but it so happened that the justice was out of town that day," and then when he did call to take the appeal he was a day late, and the justice refused.

Admittedly, counsel was told "two or three days after the hearing" that "he (the justice) had decided the case at the time of the hearing." Counsel had seventeen or eighteen days in which to take the appeal after notice, according to petitioner's own statement.

This case resolves itself into an appeal to the court to correct the oversight or negligence of the plaintiff. The Act of March 20, 1810, § 4, 5 Sm. Laws, 161, directs that appeals from judgments of a justice of the peace must be taken within twenty days after judgment rendered. It will thus be seen that the time for an appeal is definitely fixed by law, and the Supreme Court has said: "When the time for appeal is definitely fixed by statute, the appellate court, after the time has expired, cannot grant . . . petition for leave to appeal nunc pro tunc:" Jordon v. Eisele, 273 Pa. 95.

In the case at bar there is no averment that the plaintiff was misled by any conduct or misconduct on the part of the justice. On the contrary, the plaintiff avers "That two or three days after the hearing, plaintiff's attorney went to the justice to inquire about the decision; no judgment had yet been entered, but the justice stated that he was going to enter judgment and had decided the case at the time of the hearing." What more was necessary to put plaintiff on notice? No fraud, wrongful act or negligence or anything equivalent thereto is averred in plaintiff's petition, and in such case an appeal cannot be allowed: Wise v. Cambridge Springs Borough, 262 Pa. 139.

According to plaintiff's own statement, there was abundant time for the appeal to have been taken within the period fixed by the statute after he knew that the justice had rendered judgment. That plaintiff did know that judgment had been rendered is proven by the fact that "about a week after" counsel's first visit to the justice, he and his attorney went to the office of the justice "for the purpose of taking an appeal," but failed to find the justice in his office. At this time, probably ten days yet remained within which an appeal could legally have been taken. No question of fact is raised in this proceeding. Both sides agree as to the facts, and we have decided the matter solely upon the facts alleged by petitioner.

For the reasons herein stated, there is nothing left for this court to do, in conformity with the Supreme Court decisions above recited, but to dismiss the rule.

### Decree of court.

And now, March 3, 1924, after argument of counsel and upon due consideration, rule dismissed and appeal nunc pro tunc refused.

From James L. Jack, Indiana, Pa.