## Quicksall *v.* Abbotts Alderney Dairies, Appellant.

*Negligence—Runaway Horses—Evidence—Insufficiency.*

In an action of trespass to recover damages for personal injuries, it appeared that the plaintiff, a passenger in a street car, was injured by a runaway horse, which dashed against the side of the car breaking the window beside the seat occupied by the plaintiff. There was nothing in the record to indicate that the owner of the animal had done or omitted to do anything that resulted in the runaway. Without evidence that such runaway was caused by some omission of proper care in the circumstances, the fact that the horse ran away did not establish the negligence of the defendant, and a judgment for the plaintiff will be reversed.

The owner of a horse is not an insurer against accident. The mere fact that a horse runs away does not of itself establish negligence. The burden is upon the plaintiff to prove the negligence of the defendant, and the jury may not infer from the fact that the horse ran away that the owner was guilty of negligence.

Argued October 13, 1926. Appeal No. 147, October T., 1926, by defendant, from judgment of C. P. No. 1, Philadelphia County, December T., 1924, No. 12689, in the case of Sydney W. Quicksall v. Abbotts Alderney Dairies. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Trespass to recover damages for personal injuries. Before TAULANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $250, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*George Gowen Parry,* of *White, Parry & Maris,* for appellant.—There was no evidence to submit the case to a jury. The mere fact of the runaway did not

imply negligence on the part of the defendant: Coller v. Knox, 222 Pa. 362; Erickson v. Sutherland, 69 Pa. Superior Ct. 516.

*I. G. Gordon Forster,* for appellee.

OPINION BY LINN, J., December 10, 1926:

Plaintiff, a passenger in a street-car in Philadelphia, was injured by appellant's runaway horse, which dashed against the side of the car breaking the window beside the seat occupied by plaintiff.  Defendant offered no evidence but moved for binding instructions; the motion was refused and this appeal followed.

The motorman testified that his car was moving south on 19th street, and as it was crossing Snyder Avenue, "I just saw a runaway horse, no wagon attached, only the front wheels and the fifth wheel...... this runaway horse, no driver with it, was traveling at a terrific rate of speed......" There is no evidence describing how the horse got away from its driver, nothing to indicate whether it had been left unhitched or unattended, or that it was vicious or unroadworthy in any respect whatever.  Is the accident itself evidence of defendant's negligence in the care of the horse?

The view of the learned court below appears in the instructions that the jury "may infer from the fact that the horse was running away, unattended, with the shafts and two wheels of the wagon attached to it, [that] the owner of the horse was guilty of negligence."  We are constrained to differ from that conclusion.

Negligence must be shown.  The owner of a horse is not an insurer against accident: Barshay v. Ice Co., 84 Pa. Superior Ct. 538.  The mere fact that a horse runs away does not of itself establish negligence, but if it be also shown that a runaway horse had been left

unhitched and unattended on a city street, the fact that he was so left is prima facie evidence of negligence and from that fact the jury may find that defendant was negligent: Jordan v. Eisele, 273 Pa. 95, 97. As "the horse was running away"—and the record will not permit a finding that this was other than a runaway horse—there must be evidence from which it may be inferred that the owner was negligent in so caring for the horse that he was suffered to run away. The record is destitute of any evidence save that the horse, in the condition described by the motorman, dashed into the street car. There is nothing to indicate that the owner had done or omitted to do anything that resulted in the runaway. Had he left the horse unhitched and unattended? Was the runaway caused by any misconduct of a servant for which the owner might be held? Without evidence that the runaway was caused by some omission of proper care in the circumstances, the fact that the horse ran away is insufficient: Jordan v. Eisele, supra; Erickson v. Sutherland, 69 Pa. Super. Ct. 516.

The judgment is reversed and here entered for defendant.