# Chachkin, Appellant, *v.* Accommodation Ice & Coal Company.

*Negligence—Injury to minor child—Unhitched horse—Evidence—*
*Judgment non obstante veredicto.*

In an action of trespass to recover damages for injuries to a minor child, it appeared that defendant's employees, while delivering ice, left their wagon and horse, unhitched and unattended, close to the curb near plaintiff's home. While plaintiff was leaning against the rear wheel on the side of the wagon near the curb the horse took a step or two forward, drawing plaintiff's arm between the wheel and the brake where it was injured. The accident was not the result of the failure to hitch the horse or leave a driver in charge, and was not due to the negligence alleged to be the proximate cause.

In such case judgment non obstante veredicto was properly entered for the defendant.

Argued October 12, 1927.   Appeal No. 211, October T., 1927; by plaintiff from judgment of M. C., Philadelphia County, October T., 1924, No. 1404, in the case of Samuel Chachkin, by his next friend and father Morris Chachkin, and Morris Chachkin in his own right, *v.* C. J. Broomall individually and trading as Accommodation Ice & Coal Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for injuries to a minor child. Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,290. Subsequently, the court on motion entered judgment non obstante veredicto in favor of the defendant. Plaintiff appealed.

*Error assigned* was the granting of defendant's motion for judgment non obstante veredicto.

*Edward N. Polisher*, and with him *Max Aron*, for appellants.

*Louis Wagner*, and with him *Richard A. Smith* and *Wilbur F. Whittle*, for appellee.

OPINION BY KELLER, J., March 2, 1928:

Action of trespass for personal injury to child six years old. Verdict for plaintiff. Judgment non obstante veredicto for defendant. Plaintiff appeals.

The negligence alleged in the statement was that defendant, the owner of a horse-drawn ice wagon "so carelessly, negligently and recklessly managed the said vehicle that suddenly, without any warning, the said horses, having been permitted to remain unhitched or unguarded upon the highway, began to run wild, and struck and hit the plaintiff, Samuel Chachkin, as he was upon the sidewalk as aforesaid."

Had these averments been sustained by proof it would have been error to enter judgment non obstante veredicto in favor of the defendant. But the testimony developed a wholly different state of facts.

Considering the evidence and inferences therefrom most favorably to the plaintiff, as we are bound to do in this case, they warrant the following findings: Defendant's employees drove an ice wagon, drawn by one horse, on Ruscomb Street, Philadelphia, for the purpose of delivering ice to customers, and left the horse unhitched and unattended close to the curb near the plaintiff's home while making such deliveries. While plaintiff was leaning against the rear wheel on the side of the wagon next the curb, the horse took a step or two forward drawing the plaintiff's arm between the wheel and the brake where it was injured. The failure to hitch the horse or leave a driver in charge did not cause the injury for it could have happened in precisely the same manner whether the horse was hitched or not, and whether a driver sat in front holding the

reins or not. The injury was not the result of the defendant's failure to hitch, or hold the reins of his horse, but of the slight movement of the horse which could have occurred notwithstanding it had been hitched or attended by a driver; and was therefore not due to the negligence alleged as the proximate cause.

The decisions of the Supreme Court and of this Court cited by the appellant as holding that it is prima facie negligence to leave a horse unhitched and unattended in a city street must be read in the light of their circumstances and be limited to cases where the injuries received were the natural result of the failure to hitch or attend the horse; such as those resulting from an unhitched and unattended horse running away: Henry v. Klopfer, 147 Pa. 178; Jordan v. Eisele, 273 Pa. 95; or proceeding without a driver: Weikel v. Pullman Taxicab Co., 59 Pa. Superior Ct. 595; or backing some distance into the plaintiff: Stevenson v. U. S. Express Co., 221 Pa. 59. The principle does not apply to an injury not caused by nor having any relation to the failure to hitch or attend the horse: Barshay v. American Ice Co., 84 Pa. Superior Ct. 538.

The assignment of error is overruled and the judgment affirmed.