Ross et al. *v.* Freihofer Baking Co., Appellant.

Argued September 30, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Ward C. Henry,* for appellant.

*Edwin J. McDermott,* and with him *William Charles Brown,* for appellee.

OPINION BY TREXLER, P. J., November 23, 1932:

This is a case involving recovery of damages sustained by a minor six years old, who was playing on a street in the City of Philadelphia. He was standing in the middle of the street looking at a kite, which he was engaged in flying at the time; the kite being in the sky to the west. The defendant's horse drawing a bread wagon was driven along the street from the east and was stopped along the north curb, back of the boy. The driver left the horse and wagon, and went up the steps of a house to deliver bread; the horse was not hitched, nor was there any device to restrain his movements. Without any apparent cause the horse started to move forward and struck the boy who was standing in the street with his back to the horse, and knocked the boy down and injured him. The horse continued at a trot down the street to the corner where he was secured. There is no definite evidence as to how fast the horse was going when he struck the boy. After the horse started, one of the boy's playmates cried out a warning to him, but before the boy had a chance to act on it and to get out of the way he was knocked down by the horse. The jury found for the plaintiffs. The only assignment is the refusal of the court to enter judgment n. o. v.

There are a number of decisions which hold that to

leave a horse unhitched and unattended upon a public street is prima facie negligence. When under such circumstances an injury is occasioned by reason of the fact that the horse was untied, the owner or driver of the horse has put upon him the burden of justifying the act, and whether the burden has been met is for the jury, but the presumption of fact and the mere element in the case that the horse was unhitched does not require the court to instruct the jury to turn in a verdict for the plaintiff. See Supplee-Wills-Jones Milk Co. v. Southern Penna. Tr. Co., 98 Pa. Superior Ct. 550; Quicksall v. Abbotts Alderney Dairies, 89 Pa. Superior Ct. 420, 422; Barshay v. American Ice Co., 84 Pa. Superior Ct. 538, 540; Weikel v. Pullman Taxi Co., 59 Pa. Superior Ct. 595, 597; Jordan v. Eisele, 273 Pa. 95, and Stevenson v. U. S. Express Co., 221 Pa. 59, 61.

The learned court in a fair charge submitted the case to a jury and instructed them in accord with the authorities above referred to and no complaint is now made in this regard. We are all of the opinion that the matters involved were entirely for the jury and that the judgment should be affirmed.

Judgment affirmed.