Friel et al. *v.* Supplee-Wills-Jones Milk Company,
Appellant.

Argued September 27, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Charles E. Kenworthey,* with him *Evans, Bayard & Frick,* for appellant.

*Joseph F. Van Horn,* with him *Frank W. Melvin,* for appellees.

OPINION BY HIRT, J., December 13, 1939:

These are appeals from judgments in favor of the plaintiffs for injury to the minor plaintiff. The error assigned by defendant is the refusal of the court to enter judgment n. o. v.

On the morning of June 25, 1935, the minor plaintiff, then seven years of age, was playing in the roadway near the south curb of North Street in the city of Philadelphia and was throwing a ball against the wall of a hospital building and catching it. Defendant's employee in charge of a milk wagon drawn by a team of horses drove westwardly along the south side of the street and came to a stop within a few feet of where the boy had been playing. The driver left the team unhitched and unattended in the roadway while he went into a building to pick up empty milk cans. The boy, as the milk wagon approached, stepped from the gutter to the sidewalk and was observed by the driver standing near the curb as he passed him. This was a part of the driver's regular route and he knew that the street was used as a playground by the children of the neighborhood, as is indicated by his testimony; "there were a lot of children playing in the street all the time." He interrupted the boy's play but nevertheless stopped his wagon within a few feet of where the boy was standing. After the wagon came to a stop and the driver had left it, the boy stepped back into the roadway and resumed playing ball. The horses were moving restlessly and suddenly backed, and a wheel of the wagon ran over and injured the boy's foot.

It is conceded that the minor plaintiff, because of his tender years, is not chargeable with contributory negligence and the question of the negligence of his parents in permitting him to play in the street was not raised at the trial, nor in the assignment of error. The single question therefore, is whether defendant is chargeable with negligence which was the proximate cause of the injury.

Defendant contends that judgment n. o. v. must be entered for defendant on the authority of *Chachkin v. Accom. Ice & Coal Co.*, 92 Pa. Superior Ct. 416. In that case the plaintiff leaned against the rear wheel of a wagon standing at the curb and when the horse took a step or two forward, the plaintiff's arm was drawn between the wheel and the brake. Recovery was denied for the reason that the failure to hitch the horse or leaving it unattended was not the proximate cause of the injury, for it could have happened whether the horse was hitched or attended or not. The reason for the entering of judgment in that case distinguishes it from this appeal, for it does not necessarily follow that injury to this minor plaintiff would have occurred if the team had been tied or attended. The boy estimated that he was within two feet of the rear of the wagon when he stepped into the cartway. The only other eyewitness testified that he was within a "few feet," "about two or three feet" from the rear of the wagon when it was backed upon him.

Since the driver knew that children customarily played in the streets it was his duty to protect them. "Undoubtedly one who leaves a horse unhitched or unattended on a city street takes the risk of whatever the horse may do." *Stevenson v. U. S. Exp. Co.*, 221 Pa. 59, 70 A. 275. "There are a number of decisions which hold that to leave a horse unhitched and unattended upon a public street is prima facie negligence. When under such circumstances an injury is occasioned by reason of the fact that the horse was untied, the owner or driver of the horse has put upon him the burden of justifying the act. ......" *Ross v. Freihofer Baking Co.*, 107 Pa. Superior Ct. 151, 163 A. 43. The evidence is sufficient to support the finding of the jury that this burden was not met.

Judgment affirmed.