Yeager Estate.

Argued April 13, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Neil Chrisman,* with him *Paul Bedford,* for appellants.

*Michael F. McDonald,* for appellee.

PER CURIAM, April 17, 1944:

This appeal is by executors from the allowance, on December 16, 1943, of a claim for professional services

presented at the audit. The balance for distribution in the hands of the executors is more than sufficient to pay all claims. The executors are, therefore, not parties aggrieved within the statute providing for appeals by any party aggrieved: compare *Musser's Estate*, 341 Pa. 1, 4, 17 A. 2d 411.

On April 6, 1944, Mae E. Townsend, describing herself as "life tenant of one of the trusts created by" the will of testatrix, filed a petition in this court stating that the appeal had been "inadvertently taken by D. T. Scott, Sr., Charles B. Waller and D. T. Scott, Jr., Executors of the Estate of Mary Margaret Yeager, deceased, as parties aggrieved by the definitive decree of the Orphans' Court of Luzerne County, although said appeal should have been taken by your petitioner or the other parties who are the beneficiaries under the provisions of the last will and testament of the aforesaid decedent." She asked that "the record be amended by substituting" her as "party appellant in the pending appeal instead of" the executors.

At the oral argument the learned counsel who appeared for the petitioner suggested that the amendment might be allowed on the authority of *Kaufmann's Estate*, 293 Pa. 73, 141 A. 852. In that case an appeal was taken by the interested persons but they described themselves as executors instead of as trustees or as individuals. It was held that as the proper persons were in court, the misdescription could be corrected by amendment. If the present appeal had been taken by a party aggrieved an amendment might be allowed to correct a misdescription. But petitioner's difficulty with the record is that the only appellants, the executors, are not aggrieved. If the petitioner is an aggrieved party, as defined in the statute, she had three months in which to take an appeal and those three months had expired before her petition to amend was filed.

While the Orphans' Court Act of June 7, 1917, P. L. 363, in section 22(a), 20 PS section 2601, provided, inter alia, "Any party aggrieved by the definitive sen-

tence or decree of any orphans' court, or his legal representatives, may appeal therefrom to the proper appellate court within six months from the time of pronouncing such final sentence or decree . . .", the subsequent Act of May 11, 1927, P. L. 972, reduced the time for such appeals to three months by providing that "No appeal shall be allowed in any case from an order, judgment, or decree of any court of common pleas or orphans' court unless taken within three calendar months from the entry of the order, judgment, or decree appealed from . . ."

While counsel for the appellee-claimant at the oral argument magnanimously stated that he did not wish to take advantage of the petitioner's failure to appeal, we are confronted by the statute expressly stating that "No appeal shall be allowed in any case . . ." as quoted above. See *Jordan v. Eisele,* 273 Pa. 95, 98, 116 A. 675. We must therefore refuse the amendment.

As it is not denied that the appellant executors are not parties aggrieved, we must dismiss the appeal.