**Ray J. BYRAM**

v.

**Peter MAIN.**

Supreme Judicial Court of Maine.

Argued Nov. 14, 1983.

Decided May 15, 1984.

Limberis & Macdonald, William E. Macdonald (orally), Bangor, for plaintiff.

Vafiades, Brountas & Kominsky, Jeffrey Hjelm (orally), Lewis V. Vafiades, Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Ray J. Byram appeals from a judgment for the defendant, Peter Main, entered after the Superior Court granted Main's motion for a directed verdict. We hold that there was sufficient evidence to present the question of negligence to the jury. We

therefore vacate the judgment of the Superior Court.

Early one morning in July, 1981, Byram was driving a tractor trailer truck north on Interstate 95 in Orono when he struck and killed a donkey owned by Main. The donkey, named Meadow, was a pet of one of Main's daughters. It had escaped from its enclosure during the night, apparently by pushing down the fence, and wandered to the highway. Byram sued Main seeking to recover for the damage to his truck. The jury trial was held in February, 1983. At the close of Byram's case, the Superior Court granted Main's motion for a directed verdict.

On appeal, Byram argues that the Superior Court erred in granting the motion because there was sufficient evidence to allow the jury to find Main negligent in failing to prevent the donkey's escape. Main argued and the trial court agreed that there was no evidence of any prior attempt to escape or even of any tendency to wander. Therefore, Main argues, he had nothing to alert him of the need to take greater precautions. Main's reliance on this lack of notice as precluding a jury finding of negligence is misplaced.

The issue presented at trial is whether Main exercised reasonable care to contain the donkey.[1] Evidence of any tendency of the donkey to escape may bear on the reasonableness of Main's precautions to prevent escape. However, the presence or absence of such evidence is not dispositive. The evidence presented by Byram concerning the size and structure of the fence and the size of the donkey may be weighed against Main's evidence of the donkey's lack of wanderlust. However, such considerations are for the jury.

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

1. Byram makes no contention that Main is strictly liable on the ground that Meadow was unlawfully on the highway. *See, e.g., Dyer v. Mudgett,* 118 Me. 267, 107 A. 831 (1919); *Briggs v. Lake Auburn Crystal Ice Co.,* 112 Me. 344, 92 A. 185 (1914); *Decker v. Gammon,* 44 Me. 322 (1857). Rather, he based his claim upon the theory that the risk of harm caused by the donkey's activities was foreseeable. We need not decide whether Meadow's lark would have survived a motion for nonsuit at common law because traffic conditions on Interstate 95 render clearly unacceptable the risk to the traveling public of permitting a donkey to wander loose on that highway. *See generally,* 59 A.L.R.2d 1328 (1958, Supp.1976 & 1983).